SAMUEL SMALL *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

482

Argued June 5th—decided July 10th, 1929.

*Charles A. Harrison,* with whom was *Milton G. Harrison,* for the appellant (plaintiff).

*Charles A. Watrous* and *Lyman H. Steele,* for the appellee (defendant).

BANKS, J. A taxicab operated by the plaintiff was proceeding southerly along Whitney Avenue in the village of Mount Carmel about 11:30 p. m. astride the westerly rail of the southbound trolley tracks, and collided with the rear of a train of three trolley freight cars which were standing still to take on a crate of eggs. The cars had been halted only for a time sufficient for the farmer, who had been waiting in his front yard, to carry the eggs to the trolley tracks. Two lighted kerosene lanterns with globes of red glass were hanging from the rear of the last car, one on each corner of the car. There was a conflict in the testimony as to the height of these red lights, the plaintiff's evidence placing them about nine feet from the ground, while the defendant produced photographs of the car showing brackets upon which it claimed the lanterns were carried at a height of about five and a half feet from the ground. The taxicab was equipped

with headlights which complied with the law in that they would disclose objects in their path two hundred feet distant. Whitney Avenue at the place of the collision is forty-one feet wide with a double set of trolley tracks located in the center of the street. Just prior to the collision an automobile was proceeding north on the avenue east of the northbound trolley track and the plaintiff testified that he was watching this car. The trial court denied the defendant's motion to set aside the plaintiff's verdict and then reversed its decision and set the verdict aside. The plaintiff assigns as error the action of the court in vacating its first decision, and also appeals from the decision setting aside the verdict in his favor. It was clearly within the power of the court, at the same term, to withdraw its memorandum of decision denying the defendant's motion to set aside the verdict and to substitute for it a memorandum of decision setting the verdict aside. The final conclusion of the court was the only one which could reasonably be reached upon the evidence taken in the light most favorable to the plaintiff. The plaintiff of course assumed the burden of proving his own freedom from contributory negligence and was bound to offer evidence from which the jury could reasonably infer that he made reasonable use of his senses to avoid danger which by such use he might have avoided. This he failed to do. He was proceeding in the trolley tracks where he might reasonably expect the presence of trolley cars. There was no reasonable excuse for his failure to see these cars in time to have avoided a collision with them. It was not claimed that he was blinded by the lights of the automobile which was approaching on the further side of this broad street. Whether the red lights upon the rear of the box cars were five and a half or nine feet from the ground

the plaintiff could not have failed to see them if he had been looking in the direction in which he was going. There was no foundation in the evidence for a conclusion that the plaintiff was free from contributory negligence which was the proximate cause of his injuries, and it was clearly the duty of the court to set aside the verdict in his favor.

There is no error.

In this opinion the other judges concurred.