By writ, summons and complaint dated September 2, 1942, and returned before Louis Shafer, Esq., a justice of the peace, the plaintiffs instituted a summary process action. The pleadings were closed and the case was tried to the jury, resulting in a defendant's verdict on Saturday afternoon, October 3, 1942. The court accepted the verdict. On Monday morning, October 5, 1942, counsel for the plaintiffs filed with the justice a motion to set aside the verdict. Thereafter, counsel appeared and arguments were heard. On November 9, 1942, the justice reduced to typed form his action on the motion and mailed out to counsel copies of the *Page 54 
original and signed memorandum of decision denying the plaintiffs' motion to set aside the verdict. The copies of the official memorandum were received by counsel on November 10, 1942.
From November 9, 1942, until January 21, 1943, the justice did not prepare and sign a judgment file; neither did either counsel during this period present such a file to the justice for his approval and signature. On January 21, 1943, plaintiffs' counsel prepared and submitted to the justice for his approval and signature a judgment file which was in fact approved and signed by the justice on January 21, 1943. The judgment file thus prepared and signed specifically carried the date of November 9, 1942, which was the date that the plaintiffs' motion to set aside the defendant's verdict was denied and copies of the original memorandum of decision were mailed to counsel by the justice.
So also on January 21, 1943, plaintiffs' writ of error was allowed by Clerk Higgins of this court.
The decisive question raised by the interposed plea of the defendant is whether plaintiffs have been tardy in bringing their writ of error to this court. Section 1665c of the 1935 Cumulative Supplement to the General Statutes reads: "A writ of error may be brought from an original judgment in summary process rendered by a justice of the peace [to this court] ....; but no such writ of error may be allowed orsigned more than one week after the rendition of such originaljudgment." (Italics added.) The pith of the question, therefore, is whether November 9, 1942, or January 21, 1943, marks the date of the "rendition" of the judgment in the court below.
After a study of the respective claims of counsel, ably argued at two hearings in February, the court concludes that the date of the rendition of judgment was November 9, 1942, and not January 21, 1943. The plea must necessarily be sustained.
The signing of a judgment file is purely a ministerial act. Moreover, to accept the argument of plaintiffs' counsel that the crucial date is January 21, 1943, and not November 9, 1942, would in effect be applying a dangerous standard of reasoning. If counsel's argument were accepted as the rule in this case and in every case tried to a jury in which a motion *Page 55 
to set aside the verdict were filed and thereafter purportedly denied, the trial judge would be permitted to carry in his vest pocket a fountain pen form of veto to be exercised by him according to the future state of his digestion, frame of mind, or general but subsequent outlook upon life, law and men. In short, the practice of law and the functioning of the machinery of the law would be made to depend upon too uncertain personal equations under the proposition advanced by plaintiffs' counsel. Law as a science has moved forward and not backward. Fantastic results are to be avoided because they are made to depend upon false premises.
The case of Small vs. Connecticut Co., 109 Conn. 481, has been cited by plaintiffs' counsel in support of his position. The Supreme Court there says (p. 483): "It was clearly within the power of the court, at the same term, to withdraw its memorandum of decision denying the defendant's motion to set aside the verdict and to substitute for it a memorandum of decision setting the verdict aside." Two observations may be made in connection with the Small case: (1) the quoted statement therefrom cites no prior authority, and to date has never been cited in a subsequent decision; (2) the opinion discloses that the trial court in any event reconsidered its previous ruling and reached a different conclusion, whereas in the case at bar the justice after November 9, 1942, so far as the record is concerned, never reconsidered his ruling and consequently never reached a different conclusion.
Further discussion is unnecessary
 Judgment will enter sustaining the defendant's plea in abatement and to the jurisdiction.