FILLIPPO LUCISANO *v.* CLEMENCIA LUCISANO
(12145)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued April 3—decision released June 10, 1986

*Max F. Brunswick,* with whom, on the brief, was *Lauren Ann McCurry,* legal intern, for the appellant (plaintiff).

SHEA, J. This appeal concerns a provision of a separation agreement that was not incorporated into a judgment of legal separation. The plaintiff, Fillippo Lucisano, and the defendant, Clemencia Lucisano, executed a separation agreement on November 14, 1980.

On the same date, the trial court, *Moraghan, J.,* rendered a judgment of legal separation. On July 27, 1981, a judgment of dissolution of the marriage was entered by the court, *Geen, J.,* which specifically reaffirmed the terms of the judgment of legal separation.

Prior to their legal separation, the parties had reached an agreement with respect to certain real property of the plaintiff located in New York. This agreement, later specifically included in the separation agreement, provided that the plaintiff would convey a one half interest in the property to the defendant, but would retain exclusive control and possession of the property, as well as the sole right to collect rents therefrom. The court, *Moraghan, J.,* did not, however, incorporate this provision of the separation agreement into the judgment of legal separation and, therefore, it was not included in the judgment of dissolution.

Sometime in 1982 the defendant commenced in New York a partition action against the plaintiff seeking the forced sale of the income producing property that was the subject of the provision in the separation agreement that had not been included in the judgment of dissolution. On March 3, 1983, the plaintiff moved to open the judgment of dissolution seeking modification of the judgment to include the provision granting the sole right to rents from the property to him. The plaintiff claimed that he could not adequately defend the partition action unless the judgment were modified to include this provision. The court, *Lavery, J.,* denied the plaintiff's motion, without issuing a written memorandum of decision, concluding that the motion to open the judgment had not been timely filed and that the plaintiff had failed to establish, as a basis for excusing his tardiness, that the defendant had procured the agreement through fraud. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980).

The plaintiff has appealed, claiming that the court, *Moraghan, J.,* committed error by failing to incorporate the provision of the separation agreement dealing with the New York property without an express finding that the provision was unfair, and that, therefore, the court, *Lavery, J.,* should have opened the judgment of dissolution. The plaintiff argues that General Statutes § 46b-66[1] mandates that the entire separation agreement be incorporated by reference, except for those portions expressly found by the trial court to be unfair. A necessary corollary of this argument is that § 46b-66 should prevail over Practice Book § 453,[2] which forbids incorporation by reference and requires that the trial court specifically recite in the judgment any por-

---

[1] "[General Statutes] Sec. 46b-66. (Formerly Sec. 46-49). REVIEW OF AGREEMENTS; INCORPORATION INTO DECREE. In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visitation with any minor child, in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. If the court finds the agreement is not fair and equitable, it shall make such orders as to finances and custody as the circumstances require. If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

[2] "[Practice Book] Sec. 453. ——COMPLAINTS AND JUDGMENTS
"Every complaint in a dissolution of marriage action shall state the date and place, including the city or town, of the marriage and the facts necessary to give the court jurisdiction, substantially in accordance with Form 504.1; and all judgments of dissolution of marriage shall state such date and place and the jurisdictional facts as found by the court upon the hearing. Any provisions of a stipulation or other agreement between the parties that are approved by the court shall be recited specifically in the judgment and shall not be incorporated by reference. . . ."

tion of the separation agreement it intends to include. We find it unnecessary to reach these claims because of the plaintiff's failure timely to appeal from the judgments of legal separation and dissolution or to file timely motions to open the judgments. We note that the plaintiff does not argue on appeal that the court, *Lavery, J.,* erred in its conclusion that the agreement was not procured by fraud.

At the time the judgment of legal separation was rendered, the court, *Moraghan, J.,* designated specific provisions of the separation agreement that were to be incorporated into the decree of separation and did not include the provision relating to the New York property. The court made no determination that any provisions of the agreement not incorporated were unfair and, in fact, concluded that "the balance of the [separation] agreement may be part of the file and survive the entry of the decree." Neither party expressed any criticism of the court's judgment. Immediately after the court rendered judgment, the defendant's counsel[3] prepared a judgment file that *included* the provision concerning the New York property. The judgment file was signed by the plaintiff's counsel but was never signed by the court. See Practice Book § 338. A second judgment file not containing the provision was prepared by the defendant's counsel in May, 1981, which was submitted to and signed by the court. The plaintiff claims that he neither saw this second judgment file nor signed it. He asserts, therefore, that the defendant's conduct in submitting the initial judgment file to him was a sufficient reason not to appeal the court's judgment because the first judgment file, the only one of which he claims to have been aware, included the provision concerning the New York property. The plaintiff also argues that he should not be bound by the requirement that a motion to open a judgment be filed

---

[3] We note that the defendant is not represented by counsel on appeal.

within four months succeeding the date on which judgment was rendered;[4] Practice Book § 326; because there was no need for him to seek correction of the judgment of separation until the defendant instituted the partition action in New York. We are persuaded by neither of these assertions.

The filing requirements prescribed by the Practice Book cannot be abrogated by claims of a party that he was misled by an opposing counsel or by a party's perception that appeal is unnecessary during the appropriate appeal period. The fact that the need for an appeal may not have been evident until after the mandated filing period passed is not a circumstance that impels us to bypass the requirements of our rules of practice. The plaintiff was aware, at the time the court, *Moraghan, J.,* recited the provisions of the separation agreement which were to be specifically incorporated into the judgment of separation, and again when the court, *Geen, J.,* reaffirmed the earlier decree, that the provision concerning the New York realty was not included. Although the inclusion of the provision in the proposed judgment file that was never signed by the court might have confused the plaintiff, he still was required to file an appeal from the judgments, or to move to open the judgments within the allotted time period. The judgment file is merely a clerical document, and has no significance in the calculation of the appeal period, as the pronouncement by the court of the adopted provisions of the separation agreement is the

---

[4] We note that a trial court may modify a decree of dissolution more than four months after its rendition in cases where it retains continuing jurisdiction. Practice Book § 326. Under General Statutes § 46b-86 a trial court has continuing jurisdiction to modify, unless the decree excludes modification, any order for periodic payment of alimony or support based upon a showing of a "substantial change in the circumstances of either party." The statute expressly provides that it does not apply "to any assignment of the estate or a portion thereof of one party to the other party . . . ." It is therefore inapplicable to the provision at issue in this case.

judgment. See *State* v. *Lindsay,* 109 Conn. 239, 243, 146 A. 290 (1929); *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 A. 785 (1909); *Gayda* v. *Schenarts,* 12 Conn. Sup. 53 (1943).

Although our resolution makes it unnecessary to consider the conflict, if any, between Practice Book § 453 and General Statutes § 46b-66, we take this occasion to clarify a misconception of the plaintiff, upon which it appears this action was based. A decree of dissolution merely delineates certain conditions that are subject to the contempt power of the court. See *Mays* v. *Mays,* 193 Conn. 261, 263-64, 476 A.2d 562 (1984). The judgment does not extinguish the wholly independent separation agreement. Unless the court reviewing the agreement declares otherwise, it remains as a valid contract between the parties. On appeal, the plaintiff claims that the failure of the trial court to incorporate the provision regarding the New York property has resulted in a "miscarriage of justice" because if it had been incorporated he would be able to defend the New York partition action instituted by the defendant by pleading the Connecticut judgment, to which the New York court would be required to give full faith and credit. We fail to see the injustice claimed, however, because the plaintiff is still free to plead the separation agreement to prevent the partition.

There is no error.

In this opinion the other justices concurred.