EXEL LOGISTICS, INC., ET AL. *v.* MARYLAND CASUALTY COMPANY ET AL.
(14533)

Landau, Hennessy and Spallone, Js.

Argued November 27, 1995—decision released February 27, 1996

*Brendan T. Flynn*, with whom, on the brief, was *David J. Heinlein*, for the appellees (plaintiffs).

*Michael P. Del Sole*, for the appellee (named defendant).

SPALLONE, J. This is an appeal from the trial court's judgment rendered following the granting of the defendant's motion for summary judgment as to count one of the plaintiff's complaint. The plaintiffs, Exel Logistics, Inc. (Exel), and its employee, Kevin Walsh, in a two count complaint naming Maryland Casualty Company (Maryland) as defendant, sought (1) a judgment declaring that Maryland is required to provide insurance coverage to them, and (2) damages from Maryland for breach of contract. After filing the complaint, the plaintiffs cited in Hyde Manufacturing Company (Hyde), Raymond Arpin, an employee of Hyde, and Scott Nuskin doing business as Scott Metal Products Company (Scott).

The present action has its origins in a suit brought by Arpin against Scott, Walsh and Exel (Arpin suit). The Arpin suit is currently pending in the judicial district of Windham as Docket No. CV 92-0043660-S. The Arpin

suit alleges that on or about August 1, 1991, Arpin, in the course of his employment by Hyde, was injured while delivering a load of steel to Scott. Arpin alleges that because Scott was closed at the time of delivery, Exel, a business located next door to Scott, agreed to accept delivery on behalf of Scott. Arpin also alleges that Walsh was operating a forklift owned by Scott to move part of the load of steel that Arpin had delivered to the premises, that Walsh asked Arpin to stand on a load of steel being moved by the forklift in order to steady the load, and that Arpin stood on the load but jumped off when he feared for his safety as a result of Walsh's unsafe and improper operation of the forklift, thereby sustaining personal injuries. The Arpin suit seeks monetary damages and such other and further relief as the court may deem proper.

In the present action, Exel and Walsh claim that they are entitled to indemnification under a policy of insurance (policy) between Hyde and Maryland. Exel and Walsh claim third party beneficiary status under the policy because they "used" the Hyde delivery truck and, therefore, they claim that Maryland must defend them in the Arpin suit and provide coverage in the event of an award to Arpin. Count one of the complaint seeks a declaratory judgment, claiming there is a "substantial uncertainty regarding the legal relations among Walsh, Exel, Hyde and Maryland which requires settlement by this court through a declaratory judgment." Count two alleges that Maryland breached its contract of insurance with Hyde when it refused to defend Walsh and Exel in the Arpin suit.

Because this action was brought in two counts and the court's ruling addresses only one count, we are initially concerned with whether this appeal was taken from a final judgment. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

I

The jurisdiction of this court is restricted to appeals from judgments that are final. General Statutes § 52-263; Practice Book § 4000; *Melia* v. *Hartford Fire Ins. Co.*, 202 Conn. 252, 255, 520 A.2d 605 (1987); *Doublewal Corp.* v. *Toffolon*, 195 Conn. 384, 388–89, 488 A.2d 444 (1985). "The expeditious resolution of disputes counsels against appellate review of trial court rulings that do not finally dispose of all the issues between the litigating parties." *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 409, 521 A.2d 566 (1987). Orders not disposing of all the issues between the litigating parties are appealable only "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31.

There is no steadfast or comprehensive definition of "final judgment" that applies in all cases. Rather, we must look to the circumstances of each case to determine whether a final judgment exists to invoke the jurisdiction of an appellate court. In the present case, count one of the complaint seeks a declaratory judgment. Count two alleges breach of contract and seeks monetary damages for Maryland's refusal to cover Walsh and Exel under Maryland's insurance policy with Hyde. In rendering its decision, the trial court spoke only to the remedy of the declaratory judgment requested in count one, on which issue it found in favor of Maryland. There is no question that the trial court's rendering of a declaratory judgment is a final judgment as to count one. The court did not, however, expressly decide the breach of contract claim in count two. We therefore must determine whether the declaratory judgment nevertheless resolves the issues raised by the plaintiffs in count two.

Count two is predicated on the premise that Maryland is contractually bound to provide a defense and to pay any award or costs connected with the Arpin suit that are incurred by Walsh and Exel. In granting summary judgment in favor of the defendant, the trial court expressly held that "Walsh and [Exel] do not qualify as insureds, by definition" and that "Maryland . . . does not have a duty to defend [Exel] and Walsh." Because the court held that Walsh and Exel are not covered by the policy, the court, in effect, determined that the plaintiffs cannot prevail on a claim of breach of contract.

We therefore hold that the trial court's judgment in this case, although seemingly interlocutory, is appealable as a final judgment because the trial court's actions so conclude the rights of the parties that further proceedings cannot affect them. Id. We further hold that under the second prong of *Curcio*, this court has jurisdiction to hear and determine this appeal.

## II

Under Connecticut case law, " 'it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact "covered." ' " *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 112, 230 A.2d 21 (1967), quoting *Lee* v. *Aetna Casualty & Surety Co.*, 178 F.2d 750, 751 (2d Cir. 1949). The insurer's duty to defend "arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." *LaBonte* v. *Federal Mutual Ins. Co.*, 159 Conn. 252, 255, 268 A.2d 663 (1970). In the present case, Maryland's duty to defend Exel and Walsh must be determined by the allegations contained in the Arpin suit.

The trial court thoroughly reviewed the allegations in both the Arpin suit and the Exel suit, and relied on the specific allegations of the Arpin suit to determine whether Maryland has a duty to defend Exel and Walsh. It concluded that the Arpin suit does not state a cause of action that on its face appears to be within the terms of the insurance policy. We agree.

Applying the aforesaid law to the allegations contained in the Arpin suit, we conclude that Maryland had no duty to defend and indemnify Walsh and Exel. The trial court's conclusions under the facts and circumstances of this case are in complete accord with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.