[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is third-party defendant's motion to strike counts one and two of the third-party complaint.
The plaintiff, ITT Hartford Life Insurance Company (ITT), filed an eight-count complaint against the defendant and CT Page 6933 third-party plaintiff Pawson Associates (Pawson). The plaintiff alleges breach of contract; contractual indemnification; negligent supervision; reckless disregard; vicarious liability; equitable subrogation; unjust enrichment; and violation of the Connecticut Unfair Trade Practices Act. The complaint alleges the following facts.
Pawson, an insurance agency, had a sales agreement with ITT to sell annuity contracts. Pawson authorized one of its employees, Donnelly, to sell annuity contracts. Donnelly purported to sell five annuity contracts but retained the annuity premium payments. ITT reimbursed the buyers upon learning of the actions of Pawson's employee. Pawson refused to reimburse ITT for the payments.
Pawson filed a two-count, third-party complaint against Aetna Casualty and Surety Company (Aetna). In its first count, Pawson alleges that the fidelity bond which it had purchased from Aetna was in force at the time of its employee's actions and that the bond covers losses from employee dishonesty, including the failure to remit premium payments to ITT. Pawson also contends that Aetna breached its duty to defend. In its second count, Pawson alleges that its employee misappropriated other premiums for client insurance policies and that such actions are also covered by the bond. Pawson claims indemnification for any judgment that may be rendered against it by ITT; reimbursement for sums paid by Pawson as a result of its employee's actions[1] and costs, expenses and attorney's fees for defending against ITT's action.
Aetna filed a motion to strike the third-party complaint on the ground of legal insufficiency. Pawson filed an objection to the motion to strike.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826. In evaluating the motion to strike, "[t]he court must construe the complaint in the manner most favorably to the plaintiff." Faulkner v. United Technologies Corp. ,240 Conn. 576, 580.
Aetna moves to strike both counts on the ground that Pawson's allegations are insufficient to state a cause of action. With regard to count one, Aetna argues that there is no claim for relief under the bond because the employee's withholding of ITT's CT Page 6934 annuity payments caused no direct loss to Pawson. With regard to count two, Aetna argues that Pawson's claim is unrelated to the claim of ITT and thus inappropriate for a third-party complaint.
With regard to count one, Pawson contends that if ITT recovers on its claims, Pawson will suffer a direct loss as a consequence of its employee's dishonest actions. Pawson concedes that the allegations of count two do not relate to the claims asserted by ITT. Pawson, however, argues that count two relates to the broader dispute over the coverage of the fidelity bond and thus should be retained in the interests of avoiding multiplicity of actions.
With regard to the first count, the motion to strike should be granted. The losses caused by Pawson's employee are not covered by the bond. As a result, Aetna is not required to indemnify Pawson and does not have a duty to defend.
In general, an insurer has a duty to defend "if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." Exel Logistics, Inc. v.Maryland Casualty Co., 40 Conn. App. 415, 419. Because Pawson has failed to state a cause of action which is covered by the bond, Aetna has no duty to defend.
The bond in question is designed to compensate employers for employee dishonesty that results in loss to the insured. The Employee Dishonesty Coverage Form states that Aetna "will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Cause of Loss." Covered Property includes money, securities, and property other than money and securities. Covered Cause of Loss is defined as "Employee dishonesty." Employee dishonest is in turn defined as "only dishonest acts committed by an `employee,'. . . with the manifest intent to: (1) cause you to sustain loss; and also (2) Obtain financial benefit . . . for (a) The `employee'. . . ." (Employee Dishonesty Coverage Form, p. 1.)
This type of bond is a contract of indemnity against loss, as opposed to a contract against liability. First National Bank ofLouisville v. Lustig, 975 F.2d 1165, 1167 (5th Cir. 1992). The use of phrases such as "indemnity for loss" and "intent to cause the insured to sustain loss" indicate that the bond is a contract of indemnity. Id. "That the insured may be liable to a third party for a loss of money resulting from employee dishonesty does CT Page 6935 not transform a policy covering the insured against a direct loss into one indemnifying against liability." Commercial Bank ofBluefield v. St. Paul Fire and Marine Ins. Co., 336 S.E.2d 552,556 (W.Va. 1985).
It is not disputed that the acts were dishonest and that they were committed by an employee. It is not clear, however, whether the acts were intended to cause "you," i.e. the insured, to sustain loss. In fact, Aetna contends that Pawson has not sustained any loss due to its employee's misdeeds. Pawson counters that "[i]f ITT Hartford prevails in its claims against Pawson, Pawson will suffer an ascertainable loss due directly to the dishonest acts of its employee." (Objection to Motion to Strike, p. 7.)
Pawson misconceives "direct loss" when it argues that it will suffer a covered loss if ITT recovers from Pawson. The conditional nature of this loss indicates that Pawson has not suffered any direct, covered loss from its employee's actions. Rather, it might suffer an indirect loss if ITT's claim prevails.
There is no contention that Pawson should have received any money from the annuity premiums misappropriated by its employee. Pawson states that ITT asserts "losses sustained as a result of the dishonesty of an employee of Pawson, and further alleges that Pawson is legally liable for such losses," and that "Aetna has refused to provide to Pawson a defense of indemnification for thelosses which are claimed by ITT Hartford in this action." (Emphasis added.) (Third Party Complaint, ¶¶ 6, 7.) Because Pawson has suffered no direct loss, Aetna is not required to indemnify it for any losses that might be suffered due to liability to a third party.
Pawson argues that other sections of the policy support its argument that its loss is covered. The policy provides that indirect losses are excluded from coverage, including "Payment of damages of any type for which you are legally liable. But, we will pay compensatory damages arising directly from a loss covered under this insurance." (Crime General Provisions, A3.) In addition, the policy states that "The property covered under this insurance is limited to property . . . for which you are legally liable." (Crime General Provisions, B12.) Pawson contends that, interpreting ambiguity in favor of the insured,[2] these sections create a duty for Aetna to reimburse Pawson if Pawson is found legally liable for losses incurred by ITT due to the CT Page 6936 misappropriation of annuity premiums.
Pawson is misinterpreting these sections. Property is defined as "any tangible property other than `money' and `securities' that has intrinsic value." (Crime General Provisions, C3.) It is doubtful that misappropriated premium payments would qualify as tangible property such that it could be considered property for which Pawson was legally liable. Assuming arguendo that the annuity premiums were property, there is still no coverage under the bond. To fall under the bond, the loss of property must be a direct loss to Pawson. The language of legal liability cannot alter the terms of the bond which clearly state that covered losses are those resulting from employee dishonesty intending to cause the insured to sustain a loss.
The use of the phrase "for which you are legally liable" implies a loss to a third party, which is specifically excluded from coverage under the policy. The same section which discusses property for which the insured is legally liable also states, "However, this insurance is for your benefit only. It provides no rights or benefits to any other person or organization." (Crime General Provisions, B12.) Moreover, the policy specifically excludes payment of damages "for which you are legally liable." (Crime General Provisions, A3b.) Compensatory damages will only be paid if they derive directly from a loss covered by the policy, which does not include the loss suffered by Aetna. (Crime General Provisions, A3b.)
See Central National Ins. Co. v. Insurance Co. of NorthAmerica, 522 N.W.2d 39, 43 (Iowa 1994); Three Garden Village Ltd.Partnership v. United States Fidelity Guaranty Co.,567 A.2d 85, 93 (Md. 1989); Commercial Bank of Bluefield v. St. Paul Fireand Marine Ins. Co., 336 S.E.2d 552, 556 (W.Va. 1985); KAMIKountry Broadcasting Co. v. United States Fidelity GuarantyCo., 208 N.W.2d 254, 255 (Neb. 1973). But see, e.g., Estate ofJordan v. Hartford Accident Indemnity, 844 P.2d 403 (Wash. 1993) (diverting checks for trust accounts to general business account is loss to escrow company in its capacity as trustee).
Count two is beyond the scope of ITT's first-party complaint and therefore the motion to strike count two should be granted. "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Commissioner v. Lake Phipps LandCT Page 6937Owners Corp. , 3 Conn. App. 100, 102. The misappropriated insurance premiums which form the basis for count two, however, are in no way related to ITT's allegations.
Accordingly, the motion to strike counts one and two of the third-party complaint is granted.
Fracasse, J.