## BROWN AND BROWN, INC. *v.* RICHARD BLUMENTHAL, ATTORNEY GENERAL

## RICHARD BLUMENTHAL, ATTORNEY GENERAL *v.* BROWN AND BROWN, INC.
### (SC 17920)

Rogers, C. J., and Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued February 15—officially released September 9, 2008

*Michelle H. Seagull*, with whom were *William M. Rubenstein* and *Kelly A. Burns*, for the appellant (plaintiff in the first case, defendant in the second case).

*Matthew J. Budzik*, assistant attorney general, with whom were *Arnold B. Feigin*, assistant attorney general, and, on the brief, *Michael E. Cole*, chief of the antitrust department, for the appellee (defendant in the first case, plaintiff in the second case).

*James Sicilian, Jason S. Weathers, Ben Robbins, Martin J. Newhouse* and *Jo Ann Shotwell Kaplan* filed a brief for the New England Legal Foundation as amicus curiae.

*Dennis F. Kerrigan, Jr., Michael Menapace* and *Emily A. Gianquinto* filed a brief for the Connecticut Business and Industry Association, Inc., et al., as amici curiae.

### Opinion

VERTEFEUILLE, J. This appeal arises from an action seeking injunctive, declaratory and equitable relief brought by the plaintiff, Brown and Brown, Inc., against the defendant, Attorney General Richard Blumenthal, in connection with a subpoena duces tecum and interrogatories issued by the defendant pursuant to General Statutes § 35-42[1] as part of an investigation of potential

---

[1] General Statutes § 35-42 provides in relevant part: "(a) Whenever the Attorney General, his deputy, or any assistant attorney general designated by the Attorney General, has reason to believe that any person has violated any of the provisions of this chapter, he may, prior to instituting any action or proceeding against such person, issue in writing and cause to be served upon any person, by subpoena duces tecum, a demand requiring such person to submit to him documentary material relevant to the scope of the alleged violation.

antitrust violations in the insurance industry.[2] The plaintiff, an independent insurance intermediary that provides insurance and reinsurance products and services to various types of professional, corporate and individ-

"(b) Such demand shall (1) state the nature of the alleged violation, and (2) describe the class or classes of documentary material to be reproduced thereunder with such definiteness and certainty as to be accurately identified, and (3) prescribe a date which would allow a reasonable time to assemble such documents for compliance.

"(c) All documents furnished to the Attorney General, his deputy, or any assistant attorney general designated by the Attorney General, shall be held in the custody of the Attorney General, or his designee, shall not be available to the public, and shall be returned to the person at the termination of the attorney general's investigation or final determination of any action or proceeding commenced thereunder.

"(d) No such demand shall require the submission of any documentary material, the contents of which would be privileged, or precluded from disclosure if demanded in a grand jury investigation.

"(e) The Attorney General, his deputy, or any assistant attorney general designated by the Attorney General, may during the course of an investigation of any violations of the provisions of this chapter by any person (1) issue in writing and cause to be served upon any person, by subpoena, a demand that such person appear before him and give testimony as to any matters relevant to the scope of the alleged violations. Such appearance shall be under oath and a written transcript made of the same, a copy of which shall be furnished to said person appearing, and shall not be available for public disclosure; and (2) issue written interrogatories prescribing a return date which would allow a reasonable time to respond, which responses shall be under oath and shall not be available for public disclosure.

"(f) In the event any person shall fail to comply with the provisions of this section, (1) the Attorney General, his deputy, or any assistant attorney general designated by the Attorney General, may apply to the superior court for the judicial district of Hartford for compliance, which court may, upon notice to such person, issue an order requiring such compliance, which shall be served upon such person; (2) the Attorney General, his deputy, or any assistant attorney general designated by the Attorney General, may also apply to the superior court for the judicial district of Hartford for an order, which court may, after notice to such person and hearing thereon, issue an order requiring the payment of civil penalties to the state in an amount not to exceed five hundred dollars. . . . "

[2] The defendant filed a separate action, in which the party designations were reversed, seeking a declaratory judgment requiring the plaintiff to comply with the subpoena and respond to the interrogatories. Thereafter, pursuant to the parties' joint motion, that action was consolidated with the plaintiff's action. For purposes of convenience, references herein to the plaintiff are to Brown and Brown, Inc., and references to the defendant are to Attorney General Richard Blumenthal.

ual clientele, appeals[3] from the trial court's decision denying its motion for summary judgment. On appeal, the plaintiff asserts that the trial court improperly denied its motion for summary judgment, which had sought a declaration that the defendant may not disclose any documents or information provided by the plaintiff in response to the subpoena and interrogatories issued pursuant to § 35-42, except in two limited circumstances. Because we conclude that the trial court's denial of the plaintiff's motion for summary judgment was not a final judgment, we dismiss the plaintiff's appeal.

The following undisputed facts and procedural history are relevant to this appeal. The defendant is conducting an ongoing investigation into certain practices in the insurance industry that may be in violation of the Connecticut Antitrust Act, General Statutes § 35-24 et seq. In furtherance of this investigation, the defendant issued interrogatories and a subpoena duces tecum to the plaintiff pursuant to § 35-42. The plaintiff partially responded to the defendant's requests, producing more than 12,000 pages of documents.

During the course of the plaintiff's production of documents, it became evident that the plaintiff and the defendant disagreed about the ability of the defendant to disclose information produced pursuant to § 35-42 to individuals outside of the defendant's office. As a result, the plaintiff did not complete its response to the defendant, and instead filed the present action in the Superior Court. The plaintiff's claims are set forth in a five count complaint, which seeks: a declaration of the scope of the confidentiality protection provided by § 35-42; temporary and permanent injunctive relief enjoining

[3] The plaintiff appealed to the Appellate Court from the decision of the trial court. We subsequently granted the defendant's motion to transfer the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

the defendant from disclosing the responsive material and information in violation of the provisions of § 35-42; a writ of mandamus requiring the defendant to protect the confidentiality of the responsive material and information by not disclosing it in violation of § 35-42; an order quashing or modifying the subpoena so as to ensure appropriate safeguards to protect the disclosure of trade secrets and other confidential commercial and financial information; and a protective order preventing the disclosure by the defendant of the plaintiff's trade secrets and other confidential commercial and financial information. The defendant subsequently filed a separate action for a declaratory judgment seeking an order requiring the plaintiff to comply with the subpoena duces tecum and the interrogatories. See footnote 2 of this opinion.

Thereafter, the plaintiff filed a motion for summary judgment, seeking a "declaration from the court that pursuant to [§] 35-42, the [defendant] may not disclose any of [the plaintiff's] documents or information provided pursuant to a subpoena or interrogatories issued pursuant to § 35-42 to any person outside the [defendant's office] except to the extent (1) a court permits—after notice to the [plaintiff] and an opportunity to be heard—during the course of a litigation that arises from the [defendant's] antitrust investigation; or (2) provided to an official of another state or the federal government pursuant to § 35-42 (g) where such official will maintain the same degree of confidentiality provided by [§] 35-42 (c) and (e)."[4] The trial court denied the plaintiff's motion for summary judgment, rejecting the plaintiff's claims, including its interpretation of § 35-42. This appeal followed.

We begin by setting forth the standard of review. "The lack of a final judgment implicates the subject

[4] We note that the defendant did not file a cross motion for summary judgment.

matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]. . . . *Pritchard* v. *Pritchard*, 281 Conn. 262, 270, 914 A.2d 1025 (2007).

"We commence the discussion of our appellate jurisdiction by recognizing that there is no constitutional right to an appeal. E.g., *Chanosky* v. *City Building Supply Co.*, 152 Conn. 449, 451, 208 A.2d 337 (1965); *State* v. *Figueroa*, 22 Conn. App. 73, 75, 576 A.2d 553 (1990), cert. denied, 215 Conn. 814, 576 A.2d 544 (1991). Article fifth, § 1, of the Connecticut constitution provides for a Supreme Court, a Superior Court and such lower courts as the [G]eneral [A]ssembly shall . . . ordain and establish, and that [t]he powers and jurisdiction of these courts *shall be defined by law.* . . . To consider the [plaintiff's] claims, we must apply the law governing our appellate jurisdiction, which is statutory. *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). The legislature has enacted General Statutes § 52-263,[5] which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 733–34, 818 A.2d 731 (2003); see

---

[5] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

also *State* v. *Curcio*, supra, 30 (right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met). Further, we have recognized that limiting appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings. . . . *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 225, 901 A.2d 1164 (2006)." (Emphasis in original; internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 466–67, 940 A.2d 742 (2008).

In the present case, the plaintiff appeals from the trial court's denial of its motion for summary judgment. The denial of a motion for summary judgment does not result in a judgment, however, and no judgment therefore was rendered. "As a general rule, an interlocutory ruling may not be appealed pending the final disposition of a case. See, e.g., *Doublewal Corp.* v. *Toffolon*, 195 Conn. 384, 388, 488 A.2d 444 (1985); see also *State* v. *Curcio*, [supra, 191 Conn. 30] (right of appeal is purely statutory and is limited to appeals by aggrieved parties from final judgments). The denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, not a final judgment for purposes of appeal. See, e.g., *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34, 694 A.2d 1246 (1997). We previously have determined [however] that certain interlocutory orders have the attributes of a final judgment and consequently are appealable under . . . § 52-263. . . . In *State* v. *Curcio*, [supra, 31], we explicated two situations in which a party can appeal an otherwise interlocutory order: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. . . . *Esposito* v. *Specyalski*, 268 Conn. 336, 345–46 n.13, 844 A.2d 211 (2004)."

(Internal quotation marks omitted.) *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 784–85, 865 A.2d 1163 (2005).

At oral argument in this court, the parties asserted that the present case is reviewable under the second prong of *State* v. *Curcio*, supra, 191 Conn. 31. Specifically, the parties claimed that the trial court's denial of the plaintiff's motion for summary judgment constituted a rejection of the plaintiff's interpretation of the confidentiality requirements of § 35-42, and because each of the plaintiff's claims sought confidentiality of documents disclosed pursuant to § 35-42, the court's denial of summary judgment so concluded the rights of the parties that further proceedings cannot affect them. We disagree.

We begin by noting that the parties' agreement on the existence of a final judgment does not confer jurisdiction on this court. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . Neither the parties nor the trial court, however, can confer jurisdiction upon [an appellate] court. . . . The right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met." (Citations omitted; internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33–34, 930 A.2d 682 (2007).

We now must determine whether the trial court's order so concluded the rights of the parties that further proceedings cannot affect them. In denying the plaintiff's motion for summary judgment, *Hon. Robert J. Hale*, judge trial referee, rejected the plaintiff's interpretation of the confidentiality provisions of § 35-42. Because the defendant did not file a cross motion for

summary judgment, however, the trial court's interpretation of § 35-42 has not been incorporated into any judgment. The present action remains an open matter on the trial court docket, and further proceedings will occur in this case. Specifically, it is likely that the case will be placed on a docket management calendar, at which time the parties will be required to take the necessary steps to obtain a judgment or the case will be dismissed for failure to prosecute the action with reasonable diligence. See Practice Book § 14-3.[6]

---

[6] Although the dissent acknowledges that "ordinarily, the denial of a motion for summary judgment is an interlocutory ruling that does not constitute a final judgment for purposes of appeal," it asserts that "the denial of [the plaintiff's] motion was a final judgment because the court's ruling on that motion definitively and conclusively resolved the rights of the parties under § 35-42 for all purposes." As we have explained previously herein, however, this court has adopted and consistently applied the two-pronged test under *State* v. *Curcio*, supra, 191 Conn. 31, to determine whether an interlocutory order is appealable. See, e.g., *Palmer* v. *Friendly Ice Cream Corp.*, supra, 285 Conn. 467–68 ("This court has determined that certain interlocutory orders are to be treated as final judgments for purposes of appeal. To determine whether an order should be treated as such, we apply [the two-pronged *Curcio*] test . . . . Unless an order can satisfy one of these two prongs, the lack of a final judgment 'is a jurisdictional defect' that necessitates dismissal of the appeal." [Citation omitted.]). The dissent fails, however, to engage in any analysis under *Curcio*, asserting, instead, that the decision at issue is not an interlocutory ruling. It is well established, however, that the denial of a motion for summary judgment is an interlocutory ruling and is appealable only if it satisfies one of the two prongs of *Curcio*. The dissent seeks to avoid the requirements of *Curcio* by stating that this is not an interlocutory order, despite our consistent case law to the contrary.

Furthermore, were we to adopt the dissent's position, we would open the floodgates to appeals brought from interlocutory orders. In each of these appeals, this court would abandon the well established *Curcio* test and, instead, engage in an analysis of the parties' claims. Such a result would not further the principle of judicial economy that the dissent seeks to promote.

The dissent also asserts that the denial of summary judgment in this case is appealable because one of the counts of the plaintiff's complaint sought declaratory relief pursuant to General Statutes § 52-29 (a). Although we acknowledge that a declaratory *judgment* pursuant to § 52-29 (a) has "the force of a final judgment," we disagree that there is a declaratory judgment in the present case. To the contrary, the trial court *denied* the plaintiff's request for summary judgment on its claim for declaratory relief. If we were

Moreover, the judge who presides at those future proceedings will not be bound by the legal determinations made by Judge Hale in his denial of the motion for summary judgment. The law of the case doctrine "expresses the practice of judges generally to refuse to reopen what [already] has been decided . . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . .

"A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he [or she] has the same right to reconsider the question as if he [or she] had himself [or herself] made the original decision. . . . This principle has been frequently applied to an earlier ruling during the pleading stage of a case . . . . According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart

to treat the denial of a motion for summary judgment on the count of the complaint seeking declaratory relief as a declaratory judgment, we would be creating a separate test for the finality of a judgment for claims brought under § 52-29 (a), different from all other civil claims. Such an approach would be ill-advised.

Finally, we note that it is axiomatic that, "[i]t is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal." Practice Book § 61-10. In the present case, therefore, to the extent that the memorandum of decision lacked clarity, the plaintiff, as the appellant, had the burden of perfecting the record prior to taking this appeal, including establishing that the appeal was taken from a final judgment. The plaintiff failed, however, to seek an articulation from the trial court or to take any other action necessary to ensure that it was appealing from a final judgment.

from an interlocutory order or ruling of another judge in the same case, upon a question of law. . . .

"This court has determined that although a judge should be hesitant to rule contrary to another judge's ruling, he or she may do so [n]evertheless, if the case comes before him [or her] regularly and [the judge] becomes convinced that the view of the law previously applied by [a] coordinate predecessor was clearly erroneous and would work a manifest injustice if followed . . . . By way of example, this court has noted that [t]he adoption of a different view of the law by a judge in acting upon a motion for summary judgment than that of his [or her] predecessor . . . is a common illustration of this principle. . . . From the vantage point of an appellate court it would hardly be sensible to reverse a correct ruling by a second judge on the simplistic ground that it departed from the law of the case established by an earlier ruling." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Atkinson*, 283 Conn. 243, 249–50, 926 A.2d 656 (2007).

In the present case, therefore, any other judge to whom this action is assigned in the future will not be bound by Judge Hale's ruling on the plaintiff's motion for summary judgment. In addition, we do not know whether the matter will be assigned again to Judge Hale, who is a judge trial referee. Pursuant to General Statutes § 52-434,[7] a judge trial referee, to whom civil cases of

[7] General Statutes § 52-434 (b) provides: "The Chief Justice may designate, from among the state referees, judge trial referees to whom criminal and civil cases and juvenile matters may be referred. Criminal cases and civil cases of an adversary nature shall be referred only to state referees who are designated as judge trial referees, and proceedings resulting from a demand for a trial de novo pursuant to subsection (e) of section 52-549z shall be referred only to judge trial referees who are specifically designated to hear such proceedings. On or before October first of each year, the Chief Court Administrator shall publish the list of the judge trial referees specifically designated to hear such proceedings. Juvenile matters shall be referred only to judge trial referees who are specifically designated to hear juvenile cases. No designation pursuant to this subsection may be for a term of more than one year."

an adversary nature can be referred, must be reappointed annually.

Because no judgment has been rendered in this case and further proceedings may occur in which the trial court will not be bound by Judge Hale's interpretation of § 35-42, we cannot conclude that the rights of the parties have been so determined by Judge Hale's denial of summary judgment that further proceedings cannot affect them. We conclude that the court's denial of the plaintiff's motion for summary judgment is not an appealable final judgment. As a result, we lack subject matter jurisdiction to entertain the present appeal.

The appeal is dismissed.

In this opinion ROGERS, C. J., and ZARELLA and SCHALLER, Js., concurred.

PALMER, J., dissenting. I disagree with the majority's conclusion that the present appeal must be dismissed because the trial court's denial of the motion for summary judgment filed by Brown and Brown, Inc.,[1] in its declaratory judgment action against the state attorney general, Richard Blumenthal,[2] is not an appealable final judgment. I therefore dissent.

Although the majority opinion contains a summary of the procedural history of the case, a somewhat more detailed recitation of that history is relevant to the determination of whether this appeal has been taken from

---

[1] Brown and Brown, Inc., and Richard Blumenthal, in his official capacity as the state attorney general, are parties to two consolidated cases that are the subject of this appeal. Brown and Brown, Inc., is the plaintiff in its declaratory judgment action and the defendant in another action brought by Blumenthal. See footnote 4 of this opinion and accompanying text.

For ease of reference, I refer to Brown and Brown, Inc., as Brown throughout this opinion.

[2] For ease of reference, I refer to Blumenthal as the attorney general throughout this opinion.

a final judgment. The memorandum of decision of the trial court sets forth some of the relevant procedural background. "The attorney general is currently pursuing an investigation into certain business practices in the insurance industry [that] may violate the Connecticut Antitrust Act, General Statutes § 35-24 et seq. In furtherance of this investigation, the attorney general issued interrogatories and a subpoena duces tecum to Brown pursuant to [General Statutes] § 35-42. In the course of communications between Brown and the attorney general's office, it became apparent that the parties disagreed over the meaning of the provisions of § 35-42 regarding disclosure of the responsive materials and information.

"On June 2, 2006, Brown submitted to the attorney general its first stage of responsive material and information consisting of [more than] 12,000 pages of documents. Brown's second stage of responsive materials was due to the attorney general by August 31, 2006. These responsive materials have not been provided due to the disclosure disagreement between Brown and the attorney general. This disclosure disagreement extends to the responsive material and information provided in the first stage of production and to the responsive material and information to be provided in the second and any subsequent stages of production."

On August 29, 2006, Brown filed a five count complaint against the attorney general in which it sought, as to count one, "a declaration that the [a]ttorney [g]eneral may not disclose any . . . documents or information [received pursuant to § 35-42] to any person outside the [a]ttorney [g]eneral's [o]ffice except to the extent such documents or information [is] (1) actually entered into evidence on the public record in a [c]ourt proceeding after notice and opportunity for the subpoena respondent to be heard regarding whether such disclosure may be made . . . or (2) provided to an official

of another state or the federal government . . . where such official will maintain the same degree of confidentiality provided by [§] 35-42 (c) and (e) . . . ." Brown also sought, as a means of enforcing its rights under § 35-42, an injunction (count two), a writ of mandamus (count three), an order quashing or modifying the subpoena (count four), and a protective order (count five). As the trial court explained in its memorandum of decision, these counts did not allege separate causes of action but, rather, merely set forth various alternative remedies to which Brown believed that it would have been entitled to if it had prevailed on its claim for a declaratory judgment.[3]

On August 30, 2006, the attorney general filed a separate civil action seeking an order requiring Brown to comply with the interrogatories and the subpoena duces tecum.[4] On October 5, 2006, the parties filed a joint motion to consolidate their respective actions and for the entry of a scheduling order. On October 12, 2006, the court granted the motion and ordered the parties to submit, by October 30, 2006, "motions for summary disposition of their respective [cases] . . . together with initial briefs and related papers," which the parties

[3] Specifically, the court stated: "In the alternative, [Brown] requests either an injunction, a writ of mandamus or a protective order. With regard to each form of relief requested, however, the practical relief [that Brown] seeks is to have the court place the same . . . limitations on the attorney general's use of information obtained under § 35-42. Accordingly, for purposes of the motion for summary judgment, the issues are identical regardless of which form of relief is considered." An examination of Brown's complaint reveals that the court's interpretation of the complaint is fully consistent with Brown's essential claim, contained in the count seeking declaratory relief, that § 35-42 limits the attorney general's authority to disclose documents and information obtained pursuant to that statutory provision.

[4] That action is entitled *Blumenthal* v. *Brown & Brown, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-06-4025257-S. The action that Brown brought against the attorney general is entitled *Brown & Brown, Inc.* v. *Blumenthal*, Superior Court, judicial district of Hartford, Docket No. CV-06-4025215-S.

subsequently filed.[5] A review of the pleadings that were filed in each case clearly indicates that the parties viewed the consolidated cases as two sides of the same coin, with each party arguing that the court should adopt that party's construction of § 35-42 and reject the construction advocated by the other party. Thus, for example, in the case initiated by the attorney general, Brown concluded its memorandum of law in opposition to the attorney general's application for an order of compliance by asserting that such an order was unnecessary because it "is prepared to comply with the subpoena" should the court reject the construction of § 35-42 that it had proffered in both cases.

In a comprehensive memorandum of decision issued on May 1, 2007, the trial court denied Brown's motion for summary judgment. In so doing, the court explained that Brown's motion "presents a pure issue of law, namely, to what extent § 35-42 requires the attorney general to maintain the confidentiality of information he obtains pursuant to the statute." Consistent with the allegations of Brown's complaint, the court framed the issues raised by Brown's summary judgment motion as requiring the determination of the following: "(1) whether § 35-42 prohibits disclosure of information to 'any person outside the attorney general's office'; (2) whether a person providing information under § 35-42 is entitled to notice and an opportunity to be heard in a court proceeding regarding whether the information may be disclosed [in that proceeding]; and (3) whether the attorney general may share information obtained under § 35-42 with officials of other jurisdictions only where the officials will maintain the same degree of confidentiality required of the attorney general under

---

[5] The attorney general did not label the twenty-two page pleading that he filed on October 30, 2006, as a "motion for summary judgment" but, rather, a "memorandum of law in support of [the] application for an order of compliance."

the statute." The court thereafter decided each issue in favor of the attorney general and, accordingly, denied Brown's motion for summary judgment.[6] The court did not formally render judgment for the attorney general in either of the two consolidated cases.

On May 18, 2007, Brown appealed to the Appellate Court. On June 1, 2007, the attorney general filed a motion to transfer the appeal to this court pursuant to Practice Book § 65-2,[7] which permits a party, after the filing of an appeal in the Appellate Court, to request a transfer of the appeal to this court. Pursuant to the requirements of Practice Book § 65-2, and in accordance with the provisions of Practice Book § 66-2,[8] the attorney general set forth the reasons why he believed that

[6] The trial court summarized its conclusions as follows: "[T]he declaration that [Brown] seeks in the present case is not in accordance with the law in the following respects: (1) § 35-42 (c) and (e) do not create an absolute bar to disclosure of information during an investigation by the attorney general; (2) § 35-42 does not provide for a right of notice and an opportunity to be heard before information obtained under its provisions is used in evidence during court proceedings to which the person who provided the information is not a party; and (3) § 35-42 does not require officials of other jurisdictions who receive information pursuant to subsection (g) to conform to the public nondisclosure provisions of subsections (c) and (e)."

[7] Practice Book § 65-2 provides in relevant part: "After the filing of an appeal in the appellate court, but in no event after the case has been assigned for hearing, any party may move for transfer to the supreme court. The motion, addressed to the supreme court, shall specify, in accordance with provisions of Section 66-2, the reasons why the party believes that the supreme court should hear the appeal directly. A copy of the memorandum of decision of the trial court, if any, shall be attached to the motion. The filing of a motion for transfer shall not stay proceedings in the appellate court. . . ."

[8] Practice Book § 66-2 provides in relevant part: "(a) Motions, petitions and applications shall be specific. No motion, petition or application will be considered unless it clearly sets forth in separate paragraphs appropriately captioned: (1) a brief history of the case; (2) the specific facts upon which the moving party relies; and (3) the legal grounds upon which the moving party relies. A separate memorandum of law may but need not be filed. If the moving party intends to file a memorandum of law in support of the motion, petition or application, however, such memorandum shall be filed with the motion, petition or application. . . ."

this court should hear the appeal directly.[9] On June 13, 2007, this court granted the attorney general's motion to transfer the appeal to this court.

This appeal was argued on February 15, 2008. At that time, this court, sua sponte, raised the issue of whether Brown had appealed from a final judgment. Counsel for both parties maintained that Brown had appealed from a final judgment because the trial court's denial of Brown's motion for summary judgment on its claim for a declaratory judgment effectively disposed of all of the issues that Brown had raised in its complaint.

In concluding that this appeal must be dismissed for lack of a final judgment, the majority relies on the fact that, "[b]ecause the [attorney general] did not file a cross motion for summary judgment . . . the trial court's interpretation of § 35-42 has not been incorporated into any judgment." The majority also asserts that "[t]he present action remains an open matter on the trial court docket, and further proceedings will occur in this case." As far as I can tell, these two conclusions provide the sole bases for the majority's determination that dismissal of the appeal is required.[10]

I agree with the majority's statement of the law governing the appealability of trial court rulings, and I see no need to repeat that law in detail in this opinion. In particular, I agree with the majority's observation that

[9] In support of his motion to transfer, the attorney general asserted, inter alia, that "this appeal raises important issues of first impression that directly impact the attorney general's statutory enforcement powers under the Connecticut Antitrust Act." The attorney general further maintained that, because the appeal involves a pure issue of statutory interpretation, the court's disposition of the appeal likely would have implications beyond this particular case.

[10] The majority also refers to the law of the case doctrine. Although the relevance of that doctrine to the appealability of the trial court's decision is not clear to me, it does not appear that the majority relies on the doctrine as an independent ground for its conclusion that dismissal of Brown's appeal is required.

this court lacks subject matter jurisdiction to entertain an appeal that is not taken from a final judgment and that the parties to an action cannot confer jurisdiction on this court in the absence of such a judgment. I also agree that, *ordinarily*, the denial of a motion for summary judgment is an interlocutory ruling that does not constitute a final judgment for purposes of appeal; see, e.g., *Hopkins* v. *O'Connor*, 282 Conn. 821, 828, 925 A.2d 1030 (2007) ("[t]he denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, is not a final judgment for purposes of appeal"); because, as a general matter, the denial of a motion for summary judgment does not effectively terminate the litigation. Indeed, the party whose motion has been denied generally retains the right to a trial on the merits.

I part company with the majority, however, insofar as it determines that the trial court's denial of Brown's motion for summary judgment in the particular circumstances of Brown's declaratory judgment action does not constitute an appealable final judgment. The denial of Brown's motion was a final judgment because the court's ruling on that motion definitively and conclusively resolved the rights of the parties under § 35-42 for all purposes. Such a ruling meets all of the requirements of a final judgment under established final judgment jurisprudence. The mere fact that the trial court's decision has not been incorporated into a judgment does not dictate a contrary conclusion. See, e.g., *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 488 n.1, 646 A.2d 1289 (1994) (review of memorandum of decision revealed that trial court had considered and implicitly resolved claims raised in particular count of complaint, and it would "elevate form over substance" to conclude that no final judgment had been rendered in case); see also *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 529 n.1, 893

A.2d 389 (2006) (indicating that whether judgment has been rendered depends on pronouncement of court in memorandum of decision rather than clerical rendition of court's decision in judgment file); *Lucisano* v. *Lucisano*, 200 Conn. 202, 206–207, 510 A.2d 186 (1986) (same). Contrary to the analysis employed by the majority, no rule of law or procedure prevents this court from examining the decision of a trial court to determine whether it represented a final judgment for purposes of appeal. In fact, such an examination is a necessary component of any final judgment analysis. As the Appellate Court has stated, "[t]here is no steadfast or comprehensive definition of 'final judgment' that applies in all cases. Rather, *we must look to the circumstances of each case* to determine whether a final judgment exists to invoke the jurisdiction of an appellate court." (Emphasis added.) *Exel Logistics, Inc.* v. *Maryland Casualty Co.*, 40 Conn. App. 415, 418, 671 A.2d 408 (1996). Both parties have represented that there will be no further proceedings in the trial court because all of the issues raised in Brown's complaint were decided against Brown by that court when, after rejecting all of Brown's claims under § 35-42, it denied Brown's motion for summary judgment.[11] There is nothing in the allegations of Brown's complaint to suggest that the parties' representations are in any way inaccurate. Indeed, it is readily apparent that the trial court has resolved all of the issues raised in Brown's complaint, which, as the trial court observed, involve pure questions of law.[12]

[11] These representations are consistent with the observation of the trial court that counts two through five of Brown's complaint merely sought the relief that, according to Brown, would have been appropriate if it had prevailed on its claim for declaratory relief, which it sought in connection with the first count of its complaint.

[12] Thus, this is not a case in which the parties are seeking to manipulate the final judgment rule to their advantage by attempting to confer jurisdiction on this court when none exists. The fact is that the case has been finally decided in the trial court, and there are no further proceedings in that court that will affect the parties' rights.

Moreover, General Statutes § 52-29 (a), which applies specifically to declaratory judgment actions, expressly provides that "[t]he Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." In addition, Practice Book § 17-58 provides that "[t]he decision of the judicial authority [in a declaratory judgment action] shall be final between the parties to the action as to the question or issue determined, and shall be subject to review by appeal as in other causes." I see no reason why the trial court's decision in the present case, which fully and finally adjudicated the rights of the parties under § 35-42, is not a final judgment under the plain language of § 52-29 (a). Apart from the fact that the decision was made in the context of the denial of a motion for summary judgment, the majority offers no such reason.[13]

Although the majority asserts that "further [trial court] proceedings will occur in this case," the majority is unable to identify *what* such proceedings will occur, or why. The reason for the majority's inability to do so is plain: formally obtaining a judgment is the only action that the parties possibly can take in the trial court. This fact defeats the majority's contention that the trial court's ruling does not constitute a final judgment for purposes of appeal. When the act of transforming a trial

[13] Although it would have been preferable for the attorney general to have filed a cross motion for summary judgment so that the trial court formally could have rendered judgment for the attorney general when it denied Brown's motion for summary judgment, the failure of the attorney general to do so is not, as the majority holds, determinative of whether the present appeal has been taken from a final judgment. It is clear, moreover, that the trial court and the parties treated the attorney general's application for an order of compliance and the memorandum of law filed in support thereof in the consolidated case as effectively seeking the same result. See footnote 5 of this opinion.

court's fully dispositive ruling into a judgment is the *only* action left to be taken in the trial court, the ruling terminating the litigation on its merits itself represents a final judgment. The majority's contrary determination, which is predicated solely on the form of the attorney general's motion rather than the substance of the trial court's ruling, injects unnecessary and unwarranted rigidity into our final judgment jurisprudence.

The majority's conclusion is predicated on its misapprehension that the decision from which the present appeal was taken is interlocutory in nature. Interlocutory is defined as "not final or definitive"; Webster's Third New International Dictionary; and "not constituting a final resolution of the whole controversy." Black's Law Dictionary (8th Ed. 2004). As the parties correctly maintain, the trial court's ruling denying Brown's motion for summary judgment was final and definitive because it did indeed "constitut[e] a final resolution of the whole controversy." Id. Thus, contrary to the majority's assertion that this case must be analyzed under the two-pronged test set forth in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), that test clearly is inapplicable because it pertains only to interlocutory rulings, that is, rulings that do *not* fully and finally resolve the rights of the parties. As I have explained, the ruling at issue in the present case is not interlocutory in any sense of the term because it *does* fully and finally resolve the parties' rights.[14]

I also reject the majority's assertion that entertaining the merits of the present appeal will "open the flood-

---

[14] The majority asserts that its conclusion concerning the interlocutory nature of the trial court's denial of Brown's motion for summary judgment is supported by "consistent case law . . . ." The majority, however, does not cite to any such case law. In fact, as I noted previously, under our final judgment jurisprudence, the denial of a motion for summary judgment *ordinarily* is not a final judgment for purposes of appeal. E.g., *Hopkins* v. *O'Connor*, supra, 282 Conn. 828. For the reasons set forth previously, this case presents an exception to that general rule.

gates to appeals brought from interlocutory orders."
Footnote 6 of the majority opinion. This fear is un-
founded because interlocutory orders—that is, orders
that do not finally dispose of the entire case—are not
appealable under the application of the final judgment
rule that I advocate. Put differently, permitting an ap-
peal from a trial court order or ruling that finally
resolves all of the parties' claims cannot possibly result
in a flood of interlocutory appeals because such an
order or ruling simply is not interlocutory.

The dismissal of this appeal presumably will result
in the parties' return to the trial court so that that court
can render judgment in favor of the attorney general.
Brown then will be required to perfect a second appeal,
which undoubtedly will be identical to the present
appeal. Mandating such a result elevates form over sub-
stance in a manner that does absolutely nothing to
advance the policy concerns underlying the final judg-
ment rule, namely, "to discourage piecemeal appeals
and to facilitate the speedy and orderly disposition of
cases at the trial court level"; (internal quotation marks
omitted) *Mazurek* v. *Great American Ins. Co.*, 284
Conn. 16, 33, 930 A.2d 682 (2007); because those consid-
erations clearly have been met in the present case.
Dismissing the present appeal also will delay the resolu-
tion of the important issues raised by Brown's claims,
impair the ability of the attorney general to proceed
expeditiously with his antitrust investigation and result
in the needless expenditure of the parties' and this
court's time and resources.

Because the trial court's ruling on Brown's motion
for summary judgment constitutes a final judgment, this
court has jurisdiction over this appeal. I therefore would
proceed to address the merits of the parties' claims.
Accordingly, I respectfully dissent.