MARCIN MAZUREK ET AL. *v.* GREAT AMERICAN
INSURANCE COMPANY ET AL.
(SC 17830)
(SC 17831)

Borden, Katz, Vertefeuille, Zarella and Sullivan, Js.*

---

* The listing of justices reflects their seniority status on this court as of
the date of oral argument.

Argued April 10—officially released September 25, 2007

Timothy Brignole, with whom, on the brief, was Juri Taalman, for the appellants (plaintiffs).

Gary C. Kaisen, for the appellee in Docket No. SC 17830 (defendant Avila, LLC).

Kevin C. Hines, with whom, on the brief, was Richard A. Roberts, for the appellee in Docket No. SC 17831 (defendant Thomas F. DeJoseph).

SULLIVAN, J. In these appeals,[1] the named plaintiff, Marcin Mazurek,[2] challenges the trial court's rulings in his action for negligence, recklessness, and loss of consortium stemming from injuries he sustained in a workplace accident. In the first appeal, the plaintiff claims that the trial court improperly concluded that the defendant Avila, LLC, doing business as Handy Rent-All Center (Handy), was entitled to summary judgment on the entirety of the complaint on the ground that Handy did not owe a duty of care to the plaintiff. In the second appeal, the plaintiff claims that the trial court improperly rendered partial summary judgment in favor of the defendant Thomas F. DeJoseph, doing business as Sperry Rail Service and/or Sperry Rail, Inc. (Sperry), because summary judgment is inappropriate when it does not dispose of all specifications of liability in a particular count. Alternatively, he claims that summary judgment improperly was rendered because the general rule that property owners are not liable for injuries to employees of independent contractors did not apply when there was a genuine issue of material fact as to whether Sperry had retained control of the workplace. We disagree with the plaintiff's claim in the first appeal, and accordingly, affirm the judgment of the trial court. Because we conclude that the trial court's partial summary judgment in favor of Sperry was not a final judgment, notwithstanding the agreement made by the parties in an attempt to confer jurisdiction on this court, we dismiss the second appeal.

The record reveals the following relevant facts and procedural history. In December, 1998, Sperry hired

[1] The plaintiff appealed from the judgments of the trial court to the Appellate Court and we transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Marcin Mazurek's wife, Marianna Mazurek, is also a plaintiff. For convenience, we refer to Marcin Mazurek as the plaintiff in this opinion.

the plaintiff's employer, Anco Engineering, Inc. (Anco), pursuant to an oral contract, to perform repairs and welding on Sperry's railroad car. In order to conduct welding work on the exterior of the rail car, Anco erected a stationary platform scaffolding. The plaintiff and other Anco employees used ladders and step stools, supplied by Sperry, on the stationary scaffolding in order to reach the roof of the rail car. The plaintiff worked under these conditions without incident until December 23, 1998.

On December 7, 1998, Sperry rented four units of mobile scaffolding from Handy. Each unit of scaffolding displayed a warning sticker that stated, among other things: "DO NOT use boxes, ladders, or any other means to increase the working height." The sticker also contained a circular diagram that depicted the use of a ladder on scaffolding with a diagonal line crossing through it. Handy also gave Sperry a booklet entitled "Safety Rules and Instructions for bil-jax Multi-Purpose Scaffold." Rule six of the safety instructions stated: "NEVER USE LADDERS OR MAKESHIFT DEVICES on tops of scaffold to increase height." Handy's custom and practice was to provide the safety booklet in a manila envelope labeled "WARNING" in bold red typeface and stating that "[i]t is imperative that you read and fully understand and follow all instructions and safety regulations contained herein. Any use of this equipment other than in strict accordance with these instructions shall be at the worker's risk and may result in serious injury to him and others." The rental contract prohibited the use of the scaffolding equipment "by anyone other than [the] [c]ustomer or his employees without [Handy's] written permission." At the time of rental, the mobile scaffolding units were the only make and model of scaffolding that Handy had available. Although Handy did not ask Sperry's purpose for renting the scaffolds, Sperry informed Handy that the scaffolds

were "rented for an as needed basis" and that they "wanted scaffolding to work around a rail vehicle for someone to stand on." Sperry required only that the "scaffolding was approved by [the federal Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq.]."

On December 30, 1998, when the plaintiff returned to work following the holiday break, he noticed that the Anco stationary platform scaffolding had been removed and replaced with the mobile scaffolding that Sperry had rented from Handy. The plaintiff, who does not fully understand English, did not receive any warnings or instructions from Anco or Sperry concerning the use of a ladder on the new scaffolding. The plaintiff placed a ladder on the scaffolding and began to work. Shortly thereafter, the mobile scaffolding tipped away from the rail car and fell, causing the plaintiff to fall to the ground below and sustain serious injuries.

On February 4, 2005,[3] the plaintiff filed an amended sixteen count complaint alleging negligence, recklessness, negligent loss of consortium, and reckless loss of consortium against Handy, Sperry, the named defendant, Great American Insurance Company (Great American),[4] and Kevin Smith, doing business as Durant's Rental Center and Sales and Service, also known as Durant's Rental Center (Durant's).[5] The plaintiff's negligence claims allege that the defendants failed to warn the plaintiff of dangers associated with the scaffolding, violated numerous OSHA provisions, negligently hired personnel and allowed dangerous conditions on the work site. On January 23, 2001, Anco filed an interven-

---

[3] The plaintiff's original complaint is dated December 4, 2000.

[4] Great American owned the land on which the plaintiff's injury occurred. Sperry was leasing the property from Great American at the time of the plaintiff's injury.

[5] On February 3, 2003, the plaintiff withdrew all claims against Durant's, which was in the business of renting scaffolding systems, after learning that Sperry had rented the scaffolds from Handy.

ing complaint to recover sums that had been paid to the plaintiff pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq.

On September 16, 2004, Sperry filed a motion for summary judgment as to all counts. Sperry claimed that it owed no duty to the plaintiff because "it did not control the means and methods of the plaintiff's work, did not supervise the plaintiff and was not required to ensure the safety of the plaintiff." Sperry also claimed that, if the trial court found that Sperry did control the plaintiff's means and methods of work, it would satisfy the " 'right to control' test for purposes of workers' compensation [law]" and recovery "would be barred by the exclusivity provision of the Workers' Compensation Act . . . ."

On October 29, 2004, the trial court rendered partial summary judgment in favor of Sperry,[6] leaving only the claims alleging negligent employment of an incompetent or untrustworthy contractor. The trial court concluded that the evidence revealed that in the oral contract between Sperry and Anco, Sperry retained no control over the details of the work. Anco was responsible for determining the manner of performance and for the safety of its employees. Accordingly, the court concluded that Sperry did not have the right to control the workplace and, therefore, could invoke the general rule that an owner or general contractor is not liable to employees of independent contractors or subcontractors.[7]

---

[6] The court rendered summary judgment on the claims alleging failure to maintain a reasonably safe workplace, including the violation of numerous OSHA provisions, and failure to warn the plaintiff of dangers associated with the scaffolding.

[7] Additionally, the trial court concluded that, because loss of consortium is a derivative cause of action in that it is dependent on the legal existence of the predicate or underlying claim, the plaintiff's wife's loss of consortium claims were barred to the same extent as the plaintiff's claims.

On December 16, 2004, the trial court denied the plaintiff's motion to reargue the motion for summary judgment with respect to Sperry. The trial court concluded that Practice Book § 17-51[8] provides authority for the court to render partial summary judgment on some specifications of liability within various counts and to deny summary judgment as to the remaining specifications within those counts. The trial court also refused to consider the plaintiff's additional arguments because a motion to reargue " 'is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument.' " On January 18, 2005, the trial court denied the plaintiff's motion for determination pursuant to Practice Book § 61-4.[9]

On January 27, 2005,[10] Handy filed a motion for summary judgment as to all counts of the complaint, or

[8] Practice Book § 17-51 provides: "If it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of the claim as the defense does not apply to, or as is admitted, on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim."

[9] Practice Book § 61-4 (a) provides in relevant part: "This section applies to a trial court judgment that disposes of at least one cause of action where the judgment does not dispose of either of the following: (1) an entire complaint, counterclaim, or cross complaint, or (2) all the causes of action in a complaint, counterclaim or cross complaint brought by or against a party. . . .

"When the trial court renders a judgment to which this section applies, such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment *only if* the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ." (Emphasis in original.)

[10] Handy's motion for summary judgment originally was dated and sent to all counsel on December 15, 2004, but it was returned by the trial court clerk on January 27, 2005, because it was unsigned. The motion was reserved and refiled on that date.

alternatively, on certain portions of the counts. Handy claimed that the plaintiff's claims against it were barred by the Connecticut Product Liability Act, General Statutes § 52-572m et seq. Handy also claimed that a rental company owes no common-law duty to a third party user of equipment that was rented to another party and that, if a common-law duty was owed to the plaintiff, Handy had acted properly under the circumstances.

On February 10, 2005, the trial court rendered summary judgment in favor of Handy on the entirety of the plaintiff's complaint. The trial court concluded that the portion of the complaint alleging Handy's failure to warn the plaintiff about the dangers associated with the scaffolding was barred by the exclusivity provision of the product liability act; see General Statutes § 52-572n (a); and that, even if the complaint properly had pleaded a failure to warn under the act, Handy would be entitled to summary judgment because there is no genuine factual dispute that Handy had provided proper warnings. With respect to the negligence specifications not barred by the act, and as an alternative ground for rendering summary judgment on the failure to warn claim, the trial court concluded that Handy owed no common-law duty to the plaintiff. The trial court reasoned that it was not foreseeable that users of the scaffolding would ignore such clear warnings against placing a ladder on top of it. The court also concluded that Handy could not foresee the plaintiff's use of the scaffolding because Handy had no business relationship with the plaintiff or any information that he would be using the scaffolding. The trial court also concluded that public policy weighed against imposing a duty on Handy for several reasons. First, the court recognized that the plaintiff already had received workers' compensation benefits from his employer. Second, the court reasoned that it was not necessary to stretch the concept of duty of care to reach remote users when the

user would have an alternative remedy under product liability law. Finally, the court noted that general principles of tort law did not support a finding of liability under the conditions in this case; see *Rinkleff* v. *Knox*, 375 N.W.2d 262, 267–69 (Iowa 1985); *Miller* v. *Macalester College*, 262 Minn. 418, 428, 115 N.W.2d 666 (1962); 2 Restatement (Second), Torts § 388, pp. 300–301 (1965); in which the "use and user . . . were not reasonably foreseeable" and in which Handy had provided clear warnings about the relevant dangers of the scaffolding. Accordingly, the court concluded that Handy did not owe any duty of care to the plaintiff. Additionally, the trial court granted the motion for summary judgment on the recklessness count because Handy had no duty to the plaintiff "other than possibly the duty to warn, which it had discharged . . . ."[11]

On June 22, 2005, the plaintiff, Sperry and Great American filed a joint motion for entry of judgment requesting that final judgment be rendered in favor of Sperry. The parties had agreed that the plaintiff's remaining claims of negligent hiring against Sperry would be withdrawn to allow the plaintiff to appeal from the trial court's ruling in favor of Sperry on all other allegations of the complaint and to allow the plaintiff to move to consolidate the appeal with the pending appeal of the judgment in favor of Handy. Additionally, the plaintiff agreed to withdraw all claims against Great American, and, in an addendum to the motion, Anco agreed to withdraw its intervening complaint. The parties further agreed that, "in the event that one or both of the . . . appeals by the [p]laintiffs as to . . . Handy and Sperry result[ed] in a reversal of the final judgment or judgments and the ordering of a new trial, then in any such subsequent new trial, the

---

[11] The trial court also granted Hardy's motion for summary judgment on the loss of consortium claims because they were derivative causes of action that depended on the legal existence of the underlying action.

[p]laintiffs' withdrawn claims against Sperry [and Great American] may be reinstated and tried, and any defenses Sperry [or Great American] may have to such reinstatement, including but not limited to the defenses of statute of limitations, collateral estoppel and res judicata, will be deemed waived . . . ." The parties also agreed that even if the "judgments in favor of Sperry and/or Handy [are sustained on appeal] the [p]laintiffs will nevertheless be permitted to reinstate and try the claims now being withdrawn against Sperry and Great American . . . and any defenses . . . to such reinstatement . . . will be deemed waived . . . ." The trial court granted the joint motion for judgment in accordance with the parties' agreement and rendered judgment in favor of Sperry. The plaintiff then brought separate appeals challenging the trial court's summary judgments rendered in favor of Handy and Sperry.

I

We first address the plaintiff's appeal from the trial court's summary judgment rendered in favor of Handy. The plaintiff claims on appeal that the trial court improperly rendered summary judgment because: (1) Handy alternatively had sought summary judgment as to entire counts of the complaint or partial summary judgment as to portions of various counts, and such "hybrid" motions for summary judgment are not authorized by statute, rules of practice, or case law; (2) the trial court improperly had concluded that the failure to warn claim was barred by the exclusivity provision of the product liability act because the provision was not intended to bar claims that previously had been understood to be outside the traditional scope of the act, and there exists a genuine issue of material fact as to whether Handy provided adequate warnings; (3) the trial court improperly had concluded that Handy did not owe a duty to the plaintiff because he was an employee of a contractor hired by the property owner

to whom Handy had rented its scaffolding; (4) there was a genuine issue of material fact as to whether Handy had acted negligently or recklessly when leasing the scaffolding because it failed to ascertain whether the scaffolding was proper for the intended use and did not disclose to Sperry that it did not have any other type of scaffolding; (5) there was a genuine issue of material fact regarding whether Handy's scaffolding complied with OSHA regulations; and (6) loss of consortium claims by the spouse of an injured person are not barred in an action brought pursuant to the product liability act.

We conclude that any claims that Handy breached a duty to warn the plaintiff of the dangerous and hazardous conditions of the scaffolding are barred by the exclusivity provisions of the product liability act. We further conclude that the trial court properly granted Handy's motion for summary judgment as to the remaining allegations because Handy had no duty to control the means and methods of the plaintiff's work, to supervise the plaintiff, or to ensure the plaintiff's safety on the work site. Finally, we conclude that any alleged violations of OSHA do not in and of themselves constitute breach of a duty, but merely constitute evidence of a breach of the standard of care. Accordingly, we affirm the trial court's summary judgment in favor of Handy on the entire complaint.

As a preliminary matter, we set forth the appropriate standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of

showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Reardon* v. *Windswept Farm, LLC*, 280 Conn. 153, 158, 905 A.2d 1156 (2006).

We first address the plaintiff's failure to warn allegations. General Statutes § 52-572m (b) provides in relevant part that a " '[p]roduct liability claim' includes all claims or actions brought for personal injury . . . caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product" and "shall include, but is not limited to, all actions based on the following theories . . . breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent . . . ." "A product seller may be subject to liability for harm caused to a claimant who proves by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided." General Statutes § 52-572q (a). A " '[p]roduct seller' " includes "lessors or bailors of products who are engaged in the business of leasing or bailment of products." General Statutes § 52-572m (a).

"A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n (a). "It is now beyond dispute that this provision provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim." (Internal quotation marks omitted.) *Allard* v.

*Liberty Oil Equipment Co.*, 253 Conn. 787, 800, 756 A.2d 237 (2000).

The plaintiff alleged in his complaint that Handy negligently or recklessly had failed to warn him about the unreasonably dangerous and hazardous conditions of the scaffolding, particularly that the surface was smooth, coated, and slippery. Handy qualifies as a " '[p]roduct seller' " under the product liability act because it is a lessor engaged in the business of leasing scaffolding. General Statutes § 52-572m (a). Therefore, if Handy breached a duty to warn or to instruct the plaintiff about the condition of the scaffolding, the exclusive remedy was a claim pursuant to the product liability act. Because the plaintiff raised no such claim, the trial court properly determined that the plaintiff's negligent failure to warn claim was barred by the act.

The plaintiff seems to suggest, however, that the trial court was required to construe his negligence and recklessness claims as a product liability claim if it determined that they fell within the product liability act. We disagree. Practice Book § 10-3 (a) provides that, "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." We have held that "[a]s long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 557, 848 A.2d 352 (2004). We also have held, however, that the trial court is not obligated to "substitute a cognizable legal theory that the facts, as pleaded, might conceivably support for the noncognizable theory that was actually pleaded." *Pane* v. *Danbury*, 267 Conn. 669, 677, 841 A.2d 684 (2004). In the present case, the plaintiff simply did not frame his allegation of a breach of the duty to warn as a product liability claim in his

complaint. As the trial court observed, the elements of a negligence claim are not the same as the elements of a product liability claim, and the defenses to the two types of claims are different. Accordingly, we conclude that the trial court properly rendered summary judgment in favor of Handy on the failure to warn allegations.

We next address the allegations concerning Handy's failure to create and maintain a safe work site, failure to create adequate safety standards for that work site, breach of its duty not to cause or to allow unreasonably dangerous and defective conditions at that work site and negligent hiring. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . [T]he test for the existence of a legal duty entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) *Murdock* v. *Croughwell*, 268 Conn. 559, 566, 848 A.2d 363 (2004).

"A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . [D]uty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that

the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) *Perodeau* v. *Hartford*, 259 Conn. 729, 756, 792 A.2d 752 (2002).

In the present case, the plaintiff contends generally that a duty of care can arise when a person "knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982). He has provided no specific authority, however, to support his claim that public policy imposes a duty on a lessor of equipment to the employees of a lessee to ensure that the equipment is used in a safe or appropriate manner. Although it might be foreseeable that users of the scaffolding, including Sperry's subcontractors, could suffer the type of fall injury suffered by the plaintiff, and that Handy might, therefore, have had a duty to use reasonable care to warn foreseeable users of the dangers inherent in the use of the scaffolding,[12]

---

[12] The trial court concluded that Handy had no duty to the plaintiff because it could not have foreseen that the clear warnings on the scaffolding would be ignored or that persons who were not employed by Sperry would use the scaffolding. We disagree. As the trial court noted, the Restatement (Second) of Torts provides: "One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

we cannot conclude that Handy had any duty to ensure that Sperry rented a particular type of scaffolding, that Sperry and Anco directed scaffolding users in its safe use or that they installed the proper safety equipment. Indeed, the plaintiff has not established that Handy had a right to control or affect conditions on the work site, much less a duty to do so. Accordingly, we conclude that the trial court properly rendered summary judgment as to the plaintiff's claims alleging use of improper equipment and negligent failure to ensure a safe workplace.

Finally, we address the plaintiff's claims related to alleged OSHA violations. We previously have held that "regulations promulgated under OSHA cannot furnish a basis for a jury instruction on negligence per se [but that] does not preclude the admission of these regulations, if applicable, as *evidence* of the standard of care." (Emphasis in original.) *Wendland* v. *Ridgefield Construction Services, Inc.*, 184 Conn. 173, 181, 439 A.2d 954 (1981). Thus, proof that the scaffolding did not meet OSHA regulations would merely support the plaintiff's claims that Handy negligently or recklessly had failed to warn about the dangers of the scaffolding or that it otherwise had breached the applicable standard of care. Moreover, the plaintiff's claims that Handy violated

"(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." 2 Restatement (Second), supra, § 388, pp. 300–301.

It is clear, therefore, that under the Restatement (Second), the supplier of a chattel must exercise reasonable care to inform any foreseeable users of the chattel of any dangerous conditions. If the supplier warns potential users or contractually prohibits certain persons from using the chattel, then it is arguable that the supplier has met its duty of care, but, contrary to the trial court's conclusion, such conduct does not eliminate the duty in the first instance. As we have indicated, although Handy may have had a duty to warn the plaintiff of any dangers associated with the scaffolding, any claim that he negligently breached this duty is barred by the exclusivity provisions of the product liability act.

OSHA do not, in and of themselves, establish a separate cause of action. Accordingly, we conclude that the trial court properly rendered summary judgment in favor of Handy on the plaintiff's OSHA related claims.[13]

Because we conclude that the trial court properly rendered summary judgment on the entire complaint on the basis of the failure to bring a claim under the product liability act and on the lack of a duty of care, it is unnecessary to reach the remainder of the plaintiff's claims on appeal.

II

We next consider the plaintiff's appeal challenging the trial court's partial summary judgment in favor of Sperry. The plaintiff claims on appeal that summary judgment was improper because: (1) summary judgment is inappropriate when it does not dispose of all specifications of liability in a particular count; (2) the trial court improperly had concluded that there was no genuine issue of material fact as to whether Sperry retained control of the workplace; (3) property owners owe a nondelegable duty of care to independent contractors to keep the premises in a reasonably safe condition; (4) property owners and employers are liable for injuries sustained by an employee of an independent contractor that proximately are caused by the property owners' or employers' own negligence, regardless of whether the property owner or employer is in control of the workplace; (5) the duty to ensure safety at the work site rested with Sperry as a matter of law pursuant to OSHA regulations or on the basis of Sperry's decision to erect scaffolding rented from Handy in place of

[13] Because "[l]oss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse"; (internal quotation marks omitted) *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 786, 900 A.2d 18 (2006); the trial court also properly rendered summary judgment in favor of Handy on both claims of negligent and reckless loss of consortium.

Anco's scaffolding, and Sperry could not shift that duty to Anco by agreement; and (6) Sperry failed to brief the loss of consortium claims. Because we conclude that the trial court's decision partially granting Sperry's motion for summary judgment was not a final judgment, and the agreement made by the parties to confer jurisdiction on this court was improper, we dismiss the plaintiff's appeal.

As we have indicated, the trial court granted Sperry's motion for summary judgment in part, leaving only the claims alleging negligent employment of an incompetent or untrustworthy contractor to be decided at trial. Recognizing that the partial summary judgment did not constitute a final judgment from which it could appeal, the plaintiff entered into the agreement with Sperry, Anco, and Great American in which they agreed to withdraw the three remaining allegations, so that an artificial final judgment could be created. The trial court sanctioned this agreement by granting the parties' joint motion for judgment in favor of Sperry, and this appeal followed.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . .

"The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Citation omitted; internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 281 Conn. 262, 270, 914 A.2d 1025 (2007).

"Neither the parties nor the trial court, however, can confer jurisdiction upon [an appellate] court." *Ebenstein & Ebenstein, P.C.* v. *Smith Thibault Corp.*, 20 Conn. App. 23, 25, 563 A.2d 1044 (1989). The right of appeal "is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met." *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983).

Under the final judgment agreement, the plaintiff retains the right to reinstate and try the three allegations of negligent hiring, and any defenses that Sperry or Great American might have to such reinstatement, including but not limited to the defenses of statute of limitations, collateral estoppel, and res judicata, are deemed waived. This is so regardless of whether one or both of the appeals against Handy and Sperry results in the reversal of the final judgment or judgments and the ordering of a new trial, or the judgments in favor of Sperry and Handy are sustained on appeal. In effect, therefore, the plaintiff has not withdrawn any of his claims, but has only put them on hold pending the outcome of these appeals, leaving the plaintiff free to later pursue them. To allow such procedural manipulation to confer jurisdiction upon this court would encourage exactly the kind of piecemeal appeals that the final judgment rule is intended to prevent. Accordingly, because there is no final judgment from which to appeal, this court lacks jurisdiction, and we dismiss the plaintiff's appeal.

The judgment in the appeal from the summary judgment rendered in favor of the defendant Avila, LLC, is affirmed; the appeal from the partial summary judgment rendered in favor of the defendant Thomas F. DeJoseph is dismissed for lack of a final judgment.

In this opinion the other justices concurred.