RMM CONSULTING, LLC *v.* MICHAEL J. RIORDAN
(AC 31529)

Bishop, Lavine and Peters, Js.

Argued March 14—officially released May 17, 2011

Brendon P. Levesque, with whom were Karen L. Dowd and, on the brief, Michael S. Taylor and Dana M. Hrelic, for the appellant (plaintiff).

Kenneth B. Walton, with whom was Leslie P. King, for the appellee (named defendant).

*Opinion*

PETERS, J. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 29, 930 A.2d 682 (2007). In this case, in response to interrogatories, a jury found that the plaintiff had proven that the defendant, a professional surveyor, negligently had prepared a certified map that was not an accurate depiction of the boundaries of two adjoining properties in which the plaintiff had an interest. The jury also found, however, that the defendant's negligence was not a substantial factor in causing the plaintiff's alleged harms or losses and, for that reason, rendered a verdict in favor of the defendant. The plaintiff has appealed from the trial court's denial of its motion to set aside the verdict of the jury. We affirm the judgment of the court.

On May 12, 2009, the plaintiff, RMM Consulting, LLC, filed an amended complaint charging the defendant, Michael J. Riordan,[1] with negligence in failing to inform

---

[1] Although the amended complaint also cited Riordan Surveying as a codefendant, the substantive allegations of the complaint relate solely to the conduct of Riordan. Accordingly, in this opinion, we refer to him as the defendant.

the plaintiff of a potential conflict concerning the ownership of property in Warren that the plaintiff was planning to purchase for development purposes. The defendant denied his liability and filed several special defenses.

With the consent of the parties, the court bifurcated the trial. At the conclusion of the liability phase of the trial, the jury was asked to respond to special interrogatories. The jury found that the defendant had breached his duty of care to the plaintiff and had violated state regulations or the common law of negligence relating to land surveyor standards. It also found, however, that the defendant's misconduct was not a substantial factor in causing the plaintiff's alleged harms or losses and, for that reason, rendered a verdict in favor of the defendant. The plaintiff has appealed from the court's denial of its motion to set aside this adverse jury verdict.

The jury reasonably could have found the following facts. As the court noted in its memorandum of decision, the plaintiff, a land developer, hired the defendant, a land surveyor, to provide land surveying services in connection with the plaintiff's plan to purchase and to develop lots 9A and 9B, two adjoining pieces of real property on Sheehan Road in Warren. In accordance with this contract, the defendant staked out the boundary lines of the properties and generated a certified map of the properties that did not indicate any uncertainty about the location of the boundary lines for either lot. In addition, as a result of his investigation, the defendant warned the plaintiff, prior to its closing on the purchase of the properties, that there was "a potential issue" because there was no deed for the existing lot 9B and that it would be advisable to get a warranty deed for the purchase of that property.

There was conflicting evidence at trial about the extent of the plaintiff's reliance on the defendant's map.

Maureen Morrill, the plaintiff's sole proprietor, testified that she had relied on the map produced by the defendant and that, if she had been aware of a competing title claim to any part of lot 9B, she would not have purchased the property. The defendant testified, however, that, on more than one occasion, Morrill had informed him that she had brought the title issue to the attention of the plaintiff's attorney, Thomas McDermott, and that "it had been taken care of." It is undisputed that McDermott did not obtain title insurance for the plaintiff to ensure the plaintiff's interest in lots 9A and 9B.

The "potential issue" to which the defendant had alerted the plaintiff came to light when, in the course of reconfiguration of lots 9A and 9B to take better advantage of their proximity to Lake Waramaug, the plaintiff engaged in extensive cutting of trees on property that the plaintiff thought it had acquired in its purchase of lot 9B. In the plaintiff's subsequent action to quiet title to this disputed property, this court affirmed a trial court judgment adverse to the plaintiff. *Porter* v. *Morrill*, 108 Conn. App. 652, 949 A.2d 526, cert. denied, 289 Conn. 921, 958 A.2d 152 (2008).

Thereafter, the plaintiff filed separate actions against the defendant and McDermott that were consolidated for trial. The plaintiff settled with McDermott before trial. In accordance with General Statutes § 52-216a, in a pretrial order, the court directed counsel not to inform the jury of the resolution of the McDermott case. Nonetheless, at trial, over the defendant's objection, the plaintiff's counsel asked Morrill about the McDermott case, and she testified that the case had been "withdrawn." At the defendant's request, the court then instructed the jury "not to consider or speculate about anything further involving that matter unless counsel inquires further of witnesses."

Our standard of review of a trial court's denial of a motion to set aside a jury verdict is well settled. Although a trial court has inherent power to set aside a jury verdict that is against the law or the evidence, it "should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion . . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Greci* v. *Parks*, 117 Conn. App. 658, 667, 980 A.2d 948 (2009).

Our review of the record in this case persuades us to affirm the judgment of the court. The record contains ample evidence to support the jury's finding that the plaintiff failed to prove causation, a necessary element of its negligence claim. The plaintiff has not alleged that, in the proceedings that led to the submission of the case to the jury, the court committed either evidentiary or instructional error. Notably, it was the plaintiff that, in violation of the court's order, informed the jury that it had withdrawn the case against McDermott. Viewing the proceedings in their entirety, we concur in the court's denial of the plaintiff's motion to set aside the verdict of the jury. Indeed, a contrary ruling would have been an abuse of the court's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.