******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JULES AWDZIEWICZ ET AL. *v.* CITY
OF MERIDEN ET AL.
(SC 19422)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.

*Argued February 17—officially released June 9, 2015*

*Thomas A. Weaver*, for the appellants (plaintiffs).

*John H. Gorman*, associate city attorney, for the appellee (named defendant).

*Opinion*

ZARELLA, J. The present appeal involves a dispute over pension benefits between the named defendant, the city of Meriden (city), and the plaintiffs, all of whom are retired Meriden police officers and firefighters.[1] The plaintiffs appeal from the judgment of the trial court, which determined that the city properly reduced the plaintiffs' health insurance emoluments in 2005 according to the terms of a provision in a prior version of the Meriden City Charter[2] (city charter) and a related stipulated judgment. On appeal, the plaintiffs claim that the trial court improperly (1) interpreted the city charter provision and stipulated judgment as allowing the city to reduce their benefits, (2) rejected their procedural due process and equal protection claims under the federal constitution, (3) concluded that they inadequately briefed and, thus, abandoned their claim that the city had breached the implied covenant of good faith and fair dealing, (4) excluded certain evidence regarding collective bargaining agreements that precipitated the reduction in their benefits, and (5) failed to take judicial notice of General Statutes § 7-450c in interpreting the terms of the city's pension plan because the plaintiffs had not pleaded a violation of that statute in their amended complaint.[3] We reject all of the plaintiffs' claims and, therefore, affirm the judgment of the trial court.

The record reveals the following facts, as stipulated to by the parties, and procedural history, much of which is also set forth in *Kiewlen* v. *Meriden*, 317 Conn. , A.3d (2015), a companion case arising out of the same factual circumstances but involving distinct legal issues. Each of the plaintiffs retired from the Meriden Police Department or Meriden Fire Department by 1998. Upon retiring, the plaintiffs were entitled to begin collecting their respective pensions from the city, which were largely controlled by the terms of two documents: (1) § 85D of a prior version of the city charter;[4] and (2) a 1982 stipulated judgment between the city and the Retired Police and Firemen's Association of Meriden, Inc., among others. Section 85D sets forth the pension rate for retired police officers and firefighters, and the stipulated judgment pertains specifically to health insurance emoluments to which retirees are entitled. According to the stipulated judgment, retired police officers and firefighters have the option to participate in group health, dental and life insurance policies that the city offers to active police officers and firefighters, or to receive cash payments from the city of equivalent value.

In 2002, the unions representing Meriden police officers and firefighters renegotiated their respective collective bargaining agreements with the city. The new collective bargaining agreements for both groups, which became effective on July 1, 2002, required active

police officers and firefighters to pay a "cost share" for their health insurance. Essentially, this new requirement mandated that active police officers and firefighters pay a certain percentage of the cost of their health insurance as a condition of participating in the group health insurance policy provided by the city.[5] Three years after this cost share requirement went into effect for active police officers and firefighters, the city imposed the cost share requirement on *retired* police officers and firefighters, including the plaintiffs, thereby effectively reducing their health insurance emoluments.

In response to this reduction in their pension benefits, the plaintiffs instituted the present action against the city in 2007.[6] The plaintiffs sought a writ of mandamus prohibiting the city from imposing the cost share requirement on them. The plaintiffs also claimed that the city had breached its "retirement contract" with the plaintiffs and the implied covenant of good faith and fair dealing, and had violated the stipulated judgment and their right to due process under the Connecticut constitution. The plaintiffs also sought to recover damages under 42 U.S.C. § 1983 for the city's alleged violation of their rights to due process and equal protection under the United States constitution. Finally, in light of the alleged federal constitutional violations, the plaintiffs sought attorney's fees from the city pursuant to 42 U.S.C. § 1988 (b).

The case was tried together with *Kiewlen* v. *Meriden*, Superior Court, judicial district of New Haven at Meriden, Docket No. NNI-CV-05-4014677-S.[7] The plaintiffs introduced into evidence § 85D and the 1982 stipulated judgment, and argued that, because neither one included a cost share provision for pensioners' health insurance emoluments, the city could not impose the cost share requirement on them. Additionally, the plaintiffs asserted in their posttrial brief that the city's imposition of the cost share requirement violated § 7-450c, which precludes municipalities from eliminating pension benefits that retired municipal employees receive at the time of their retirement.

Rejecting each of the plaintiffs' claims, the trial court rendered judgment for the city. The trial court concluded that § 85D and the stipulated judgment permitted the city to impose the cost share requirement on the plaintiffs because § 85D and the stipulated judgment "index[ed] the [plaintiffs'] health insurance emolument[s] to the cost of health insurance for firemen and policemen actively working." In light of this interpretation, the trial court concluded that the city had not violated the stipulated judgment or breached any contract with the plaintiffs, nor had it violated the plaintiffs' constitutional rights under the federal constitution. In reaching this conclusion, the trial court declined to address some of the plaintiffs' claims because they were inadequately briefed, namely, the plaintiffs' good faith

and fair dealing claim, state constitutional claim, and claim for attorney's fees. The trial court also determined that the plaintiffs could not prevail on their claim under § 7-450c because they had not alleged in their complaint that the city's actions violated that statute.

The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We now address each of the plaintiffs' claims in turn, providing additional facts and procedural history as necessary.

I

The plaintiffs first claim that the trial court improperly interpreted § 85D and the stipulated judgment, which control their pension benefits. Specifically, the plaintiffs claim that the language of § 85D and the stipulated judgment does not allow the city to impose the cost share requirement on them. The plaintiffs further claim that the city cannot impose the cost share requirement on them because they did not participate in the collective bargaining process that gave rise to the cost share requirement for active police officers and firefighters, and because the city has not provided them with the additional pension benefits included in the renegotiated collective bargaining agreements, which purportedly offset the financial burden that the cost share requirement creates for retirees. In opposition, the city responds that the trial court correctly concluded that § 85D and the stipulated judgment make retirees' health insurance emoluments dependent on those of active police officers and firefighters and, thus, that the city properly reduced the plaintiffs' health insurance emoluments when it reduced those of its active employees. We agree with the city and conclude that the trial court properly interpreted § 85D and the stipulated judgment as allowing the city to impose the cost share requirement on the plaintiffs.

Before addressing the plaintiffs' claim, it is necessary to clarify the relationship between § 85D and the stipulated judgment. Section 85D originally was the sole governing provision for pension plans for retired Meriden police officers and firefighters. In 1982, the Retired Police and Firemen's Association of Meriden, Inc., brought an action against the city, among others, for benefits it claimed were due under § 85D. As a result of the litigation, the Retired Police and Firemen's Association of Meriden, Inc., and the city entered into a stipulated judgment pursuant to which the city agreed to provide pensioners with certain additional benefits, including the health insurance emoluments at issue in the present case, "in accordance with the provisions of [§] 85D." Accordingly, we must interpret the stipulated judgment in conjunction with § 85D.

Because a stipulated judgment is in essence a con-

tract; see, e.g., *Rocque* v. *Northeast Utilities Service Co.*, 254 Conn. 78, 83, 755 A.2d 196 (2000); we interpret the stipulated judgment at issue in the present case according to general principles governing the construction of contracts. *Ahmadi* v. *Ahmadi*, 294 Conn. 384, 390, 985 A.2d 319 (2009). "[T]he language used [in a contract] must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . [Additionally], in construing contracts, we give effect to all the language included therein, as the law of contract interpretation . . . militates against interpreting a contract in a way that renders a provision superfluous." (Citation omitted; internal quotation marks omitted.) Id., 390–91. Our review of the trial court's construction of the stipulated judgment is plenary. See id., 390.

With respect to § 85D, our standard of review is similarly broad. "As with any issue of statutory construction, the interpretation of a charter or municipal ordinance presents a question of law, over which our review is plenary. . . . In construing a city charter, the rules of statutory construction generally apply. . . . In arriving at the intention of the framers of the charter the whole and every part of the instrument must be taken and compared together. In other words, effect should be given, if possible, to every section, paragraph, sentence, clause and word in the instrument and related laws." (Citations omitted; internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 160–61, 851 A.2d 1113 (2004).

We begin our analysis with the language of the stipulated judgment. The stipulated judgment requires the city to provide pensioners with "such policy or policies of group health insurance, group dental insurance and group life insurance as are provided by the [c]ity . . . to active policemen [and firemen] and their dependents." Additionally, the city is required to pay a certain percentage of a retiree's insurance premium depending on how many years he or she has been retired. After two years of retirement, the city must pay "one-half . . . of the total premium attributable to the participation of each retired policeman and fireman and his respective dependents."

We turn next to the language at issue in § 85D. Section 85D sets the pension rate for a retired Meriden police officer or firefighter at "one-half of the prevailing rate of pay for the rank he has attained and holds at the time of retirement." Section 85D defines "[p]revailing rate of pay" as "the annual pay as fixed from time to time by the [state] board of public safety,[8] and in addition thereto shall include such cost-of-living bonus or other emolument as may be granted to the active mem-

bers of the fire and police departments . . . ." (Footnote added.)

We conclude that the language at issue in § 85D and the stipulated judgment, when read together, is plain and unambiguous. Section 85D establishes that retirees, as a general matter, are entitled to receive from the city one half of the compensation that active city employees of the same rank receive, including any "other emolument," such as health insurance. The stipulated judgment indicates that retirees are entitled to participate in the health insurance plans that the city provides to active Meriden police officers and firefighters. Given that the parties stipulated that, as of July 1, 2002, active Meriden police officers and firefighters have been required to pay a cost share for their health insurance emoluments, it logically follows from the language of § 85D and the stipulated judgment that so too are retirees. The trial court correctly noted that § 85D and the stipulated judgment "index" a retiree's health insurance emolument to that of active city employees. Thus, we conclude that the trial court correctly interpreted § 85D and the stipulated judgment as allowing the city to reduce the plaintiffs' health insurance emoluments in proportion to the cost share deducted from the health insurance emoluments of active Meriden police officers and firefighters.

The plaintiffs have failed to explain why the language of § 85D and the stipulated judgment, which makes their health insurance emoluments dependent on that of active city employees, is not dispositive. Instead, they focus on paragraph 1 (c) of the stipulated judgment, which requires the city to pay a certain percentage of "the total premium attributable to the participation of each *retired* policeman and fireman and his respective dependents," depending on how long the retiree has been retired.[9] (Emphasis added.) The plaintiffs claim that this language establishes that the city must pay for their health insurance emoluments irrespective of what active Meriden police officers and firefighters are receiving. We disagree. The language preceding paragraph 1 (c) makes clear that the "total premium" of which the city must pay a certain percentage is the premium prescribed by the group insurance policies that the city offers to active police officers and firefighters. The parties stipulated to the fact that active Meriden police officers and firefighters have paid a cost share for their health insurance since July 1, 2002. Accordingly, the plaintiffs also must pay the cost share for their health insurance emoluments. Thus, we reject the plaintiffs' interpretation of the stipulated judgment, which focuses too narrowly on paragraph 1 (c).[10]

We also reject the plaintiffs' claim that the city cannot impose the cost share requirement because retirees did not participate in the collective bargaining process that gave rise to the cost share requirement for active Meri-

den police officers and firefighters. In effect, the plaintiffs argue that it is unfair for the terms of their pensions to be dictated by the negotiations between the city and active employees, over which the retirees had no control. That, however, is the arrangement the legislature decided to adopt when it enacted the legislation that became § 85D; 25 Spec. Acts 977, No. 229, § 2 (1949), amended by 26 Spec. Acts 947, 947–48, No. 340 (1953); and to which the Retired Police and Firemen's Association of Meriden, Inc., agreed when it entered into the stipulated judgment with the city in 1982. Section 85D and the stipulated judgment do not guarantee that a retiree's pension benefit will remain unchanged regardless of future collective bargaining agreements between the city and its active police officers and firefighters. To the contrary, they expressly make retirement benefits dependent on such agreements.

Finally, the plaintiffs claim that the city cannot impose the cost share requirement on them because the city has not afforded them the additional benefits that active Meriden police officers and firefighters receive under the collective bargaining agreements that took effect on July 1, 2002. Even if we assume that this is true, it would not change the fact that § 85D and the stipulated judgment base a retiree's health insurance emolument on that of active city employees. It is possible that the plaintiffs are being denied other benefits to which they are entitled under § 85D, but they have not sought those benefits in this litigation. Regardless, their entitlement to such other benefits is irrelevant to the calculation of their health insurance emoluments. Accordingly, we conclude that the trial court correctly interpreted § 85D and the stipulated judgment as allowing the city to impose the cost share requirement on the plaintiffs.

Our resolution of this claim is dispositive of three of the plaintiffs' other claims, namely, their two federal constitutional claims and their claim regarding whether they adequately briefed an issue at trial. With respect to the constitutional claims, the plaintiffs assert that the city deprived them of their rights to due process and to equal protection under the fourteenth amendment to the United States constitution by imposing the cost share requirement on them. The plaintiffs do not challenge the constitutionality of § 85D but, rather, claim that the city, in imposing the cost share requirement in violation of § 85D and the stipulated judgment, also violated their rights under the federal constitution. Because we conclude that the city did not violate § 85D and the stipulated judgment in imposing the cost share requirement on the plaintiffs, we need not address either of their constitutional claims.

Likewise, we need not address the plaintiffs' claim that the trial court incorrectly concluded that they inadequately briefed, and thereby abandoned, their claim

that the city had breached the implied covenant of good faith and fair dealing by imposing the cost share requirement on them. Like the plaintiffs' constitutional claims, this claim depends on the premise that the city violated § 85D and the stipulated judgment by imposing the cost share requirement on the plaintiffs. Our contrary conclusion makes it unnecessary to determine whether the plaintiffs, in fact, inadequately briefed their good faith and fair dealing claim because the plaintiffs could not prevail on that claim even if they had adequately briefed that issue. Thus, we also decline to address this claim.

II

We next address the plaintiffs' evidentiary claim. The plaintiffs claim that the trial court improperly deemed certain evidence regarding the 2002 collective bargaining agreements inadmissible for lack of relevance. We disagree.

As we previously discussed, the parties stipulated at trial to the fact that, as of July 1, 2002, active Meriden police officers and firefighters were required to pay a cost share for their health insurance emoluments under the terms of new collective bargaining agreements that had been negotiated with the city. The plaintiffs thereafter repeatedly proffered evidence regarding these collective bargaining agreements and, specifically, pension benefits provided under those agreements that Meriden police officers and firefighters had not received under prior collective bargaining agreements. For instance, the plaintiffs sought to elicit testimony from a city official regarding health insurance subsidies that Meriden police officers and firefighters would receive upon retiring after the collective bargaining agreements in question went into effect on July 1, 2002.

The city objected on the basis of relevance. The city argued that, aside from the cost share requirement, the details of the pension plan set forth in the collective bargaining agreements were irrelevant with respect to whether § 85D and the stipulated judgment allowed the city to impose the cost share requirement on the plaintiffs because all of the plaintiffs had retired prior to the effective date of the collective bargaining agreements in question, and none of the plaintiffs had pleaded that they were entitled to additional benefits under those agreements. The trial court sustained the city's objection and ruled that the evidence regarding the collective bargaining agreements was inadmissible.

The plaintiffs now claim that the trial court abused its discretion in excluding this evidence. Specifically, they contend that the evidence regarding the collective bargaining agreements was relevant to show that the city selectively applied the cost share requirement from those agreements to retirees who retired before 2002, without affording them the additional pension benefits included in the collective bargaining agreements,

thereby violating § 85D and the stipulated judgment.

"The trial court has wide discretion to determine the relevancy of evidence . . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. . . . The proffering party bears the burden of establishing the relevance of the offered testimony." (Citation omitted; internal quotation marks omitted.) *Chief Information Officer* v. *Computers Plus Center, Inc.*, 310 Conn. 60, 116, 74 A.3d 1242 (2013). "Evidence is relevant if it has any tendency to make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence. Conn. Code Evid. § 4-1. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, [as] long as it is not prejudicial or merely cumulative." (Internal quotation marks omitted.) *State* v. *Bonner*, 290 Conn. 468, 496–97, 964 A.2d 73 (2009).

Applying these principles to the present case, we conclude that the trial court did not abuse its discretion in determining that the contested evidence was not relevant and, thus, inadmissible. The proffered evidence regarding the additional benefits included in the collective bargaining agreements is not relevant because it is immaterial to whether the city violated § 85D and the stipulated judgment by imposing the cost share requirement on the plaintiffs, which is the factual allegation that forms the basis of the plaintiffs' complaint. As we previously discussed; see part I of this opinion; whether the city has selectively applied certain provisions of the collective bargaining agreements to the plaintiffs has no bearing on whether the terms of § 85D and the stipulated judgment allow the city to reduce the plaintiffs' health insurance emoluments in proportion to those of active employees. What is relevant to the plaintiffs' claim is whether active Meriden police officers and firefighters are paying a cost share for their health insurance emoluments under the collective bargaining agreements, and the parties stipulated to that fact. Information regarding other benefits provided in the collective bargaining agreements is irrelevant, however, because the plaintiffs made no claim for such benefits in their complaint. Thus, the plaintiffs' evidentiary claim is without merit.

III

Finally, the plaintiffs claim that the trial court improperly declined to take judicial notice of § 7-450c. As we previously discussed, the plaintiffs claimed in their posttrial brief that the city's imposition of the cost share requirement on them not only violated § 85D and the stipulated judgment, but also § 7-450c. The plaintiffs conceded that they had not alleged a violation of § 7-

450c in their complaint but argued they could prevail under this statute because the court was obligated to take judicial notice of it. The trial court declined to take judicial notice of the statute and also declined to address the plaintiffs' claim. On appeal, the plaintiffs assert that the trial court should have addressed their claim regarding § 7-450c because it was required to take judicial notice of the laws of this state. We disagree.

Practice Book § 10-3 (a) sets forth the standard for pleading allegations based on statutory grounds. It provides in relevant part: "When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Practice Book § 10-3 (a). "We have held that [a]s long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 28, 930 A.2d 682 (2007); accord *Rocco* v. *Garrison*, 268 Conn. 541, 557, 848 A.2d 352 (2004); see also *Steele* v. *Stonington*, 225 Conn. 217, 221 n.7, 622 A.2d 551 (1993) ("we have held that [the pleading requirement of § 10-3 (a)] is merely directory and not mandatory"). Compare *Brewster Park, LLC* v. *Berger*, 126 Conn. App. 630, 635–36, 14 A.3d 334 (2011) (defendant sufficiently apprised of plaintiff's use and occupancy claim under General Statutes § 47a-3c because plaintiff distinctly raised it in complaint, in pretrial memorandum of law, and at trial, despite not specifying statute by number in complaint), and *Florian* v. *Lenge*, 91 Conn. App. 268, 274, 880 A.2d 985 (2005) (defendant sufficiently apprised of plaintiff's statutory claim when "the plaintiff plainly and concisely stated the material facts surrounding the cause of action" in complaint), with *Gold* v. *Rowland*, 296 Conn. 186, 220, 994 A.2d 106 (2010) (statutory claim barred for failure to plead or otherwise apprise defendant of claim). "The principle that a plaintiff may rely only [on] what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations [in] his complaint." (Internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 621, 99 A.3d 1079 (2014).

In the present case, we conclude that the plaintiffs' claim regarding § 7-450c is without merit. It is undisputed that the plaintiffs did not plead a violation of § 7-450c in their complaint, and the plaintiffs do not argue that they otherwise put the city on notice of their claim under § 7-450c. The city could not have been apprised of the plaintiffs' claim under § 7-450c in time to present facts at trial to defend against that claim because the plaintiffs first raised it in their *posttrial* brief. Consequently, the plaintiffs failed to comply with Practice Book § 10-3 (a) or otherwise put the city on notice of their statutory claim, and the trial court, therefore, properly declined to address that claim. Moreover, the

doctrine of judicial notice cannot be used to subvert our pleading requirements, as the plaintiffs claim. See *Atlantic Richfield Co.* v. *Canaan Oil Co.*, 202 Conn. 234, 246, 520 A.2d 1008 (1987) ("The doctrine of judicial notice . . . does not obviate the necessity for the proper framing of issues, whether of fact or of law. . . . Facts cannot be proven by evidence or established by judicial notice until and unless they are properly pleaded . . . ." [Citation omitted; internal quotation marks omitted.]), overruled in part on other grounds by *Santopietro* v. *New Haven*, 239 Conn. 207, 682 A.2d 106 (1996). Thus, we reject the plaintiffs' claim.

The judgment is affirmed.

In this opinion the other justices concurred.

[1] The plaintiffs in this action are Jules Awdziewicz, Paul Hourigan, Edward Cortright, William Kroll, and John J. Lyons, Jr.

[2] It is unclear from the record whether the provision at issue appeared in a prior version of the Meriden City Code or the Meriden City Charter, or both. We assume, for purposes of our analysis, that the provision was in a prior version of the Meriden City Charter.

[3] The plaintiffs raised two additional claims but failed to adequately brief them. The plaintiffs claim that the trial court incorrectly concluded that they abandoned their claim for attorney's fees under 42 U.S.C. § 1988 (b) and improperly stated in its memorandum of decision that the city had raised two special defenses that it, in fact, did not. The plaintiffs, however, mentioned these claims in their briefs only in passing and failed to provide any substantive analysis of either claim. "Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 444, 35 A.3d 188 (2012). Accordingly, we decline to address these claims.

[4] The parties agree that § 85D is binding in the present case. The pension plan for retired Meriden police officers and firefighters was first established by a special act of the General Assembly, which amended the city charter in 1949. See 25 Spec. Acts 977, No. 229, § 2 (1949), amended by 26 Spec. Acts 947, 947–48, No. 340 (1953). Section 85D of the prior city charter was effectively incorporated into the present city charter and Meriden City Code (city code). Section C9-6 (3) of the present city charter provides: "Nothing herein shall be construed as in any way altering or affecting the pension rights of any employees of any department of the City of Meriden whose employment with the City commenced prior to the effective date of this Charter. The provisions of the previous Charter of the City of Meriden and of any special act pertaining to the pension rights of any employee of the City of Meriden whose employment commenced prior to the effective date of this Charter are hereby expressly reaffirmed." There is no dispute that the plaintiffs commenced their employment with the city prior to the adoption of the present city code and city charter. Thus, there is no dispute that § 85D of the previous city charter controls our analysis.

[5] According to the plaintiffs, the cost share initially was set at 6 percent but eventually rose to 10 percent of the total cost of health insurance by the time of trial.

[6] The plaintiffs also named the Meriden Municipal Pension Board as a defendant but subsequently withdrew their claims against it.

[7] Initially, the trial court issued the same memorandum of decision in both the present action and in *Kiewlen*, but the Appellate Court granted the parties' motion to remand the case so that the trial court could separately address the legal claims in each case. On remand, the trial court issued an amended memorandum of decision in the present case that specifically addressed the plaintiffs' claims rather than those of the plaintiffs in *Kiewlen*.

[8] The former state Board of Public Safety is now the state Department of Emergency Services and Public Protection.

[9] Paragraph 1 (c) of the stipulated judgment provides in relevant part: "The amount of group insurance premiums to be paid by the . . . [c]ity . . . on behalf of each participating retired policeman and fireman and their respective dependents is as follows:

* * *

"(iii) For the third year and all subsequent years of participation, an amount equal to one-half . . . of the total premium attributable to the participation of each retired policeman and fireman and his respective dependents."

[10] With respect to the language of the stipulated judgment, the plaintiffs further claim that the city cannot impose the cost share requirement on them because neither § 85D nor the stipulated judgment expressly provides for such a requirement. This line of argument, of course, ignores the fact that § 85D and the stipulated judgment expressly tie a retiree's health insurance emolument to that of active city employees, which includes the cost share requirement. Thus, we reject this claim as well.

———————————————